*623 Moyer, C.J.
I
{¶ 1} The Tenth District Court of Appeals certified this case pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25, concluding that its judgment is in conflict with the judgment of the Second District Court of Appeals in David May Ministries v. State ex rel. Petro, Greene App. No. 2007 CA 1, 2007-Ohio-3454, 2007 WL 1953684, on the following issue: “Does R.C. 119.12’s ‘grounds’ requirement, which provides that a notice of administrative appeal must state the ‘grounds’ for the appeal, require an appellant to specify something beyond restating the statutory formula that the order appealed from is ‘not in accordance with law and is not supported by reliable, probative, and substantial evidence?’ ” We accepted the discretionary appeal of the Ohio Department of Job and Family Services on the same issue and consolidated the cases. 118 Ohio St.3d 1431, 2008-Ohio-2595, 887 N.E.2d 1201.
{¶ 2} For the following reasons, we answer the certified question in the affirmative and reverse the judgment of the court of appeals. We hold that parties filing an appeal under R.C. 119.12 must identify specific legal or factual errors in their notices of appeal, not simply restate the standard of review for such orders.
II
{¶ 3} Appellee, MedCorp, Inc., is a medical-transport company that provides ambulance and ambulette services to qualified Medicaid patients. Upon an audit of the claims that MedCorp had submitted in 1996 and 1997, the Ohio Department of Job and Family Services disallowed all the claims that had been paid. The department subsequently ordered MedCorp to repay $534,719.27 that the department had paid to MedCorp for the disallowed claims.
{¶ 4} MedCorp appealed the department’s order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. MedCorp’s notice of appeal stated:
{¶ 5} “Pursuant to sections 119.12 and 5111.06 of the Ohio Revised Code, MedCorp, Inc., by and through counsel, hereby appeals from the Adjudication Order issued by the Ohio Department of Job and Family Services dated April 19, 2006 * * *. The Adjudication Order is not in accordance with law and is not supported by reliable, probative, and substantial evidence.”
{¶ 6} The department filed a motion to dismiss the appeal, arguing that MedCorp’s notice of appeal failed to state the grounds upon which its appeal was based, as required by R.C. 119.12, and therefore did not properly invoke the trial court’s jurisdiction. Rather than ruling on the motion to dismiss, the trial court *624 issued a decision on the merits of the appeal and reversed the department’s order.
{¶ 7} The department appealed to the Franklin County Court of Appeals and raised the question of the trial court’s jurisdiction, along with a question on the merits. The court of appeals, citing Derakhshan v. State Med. Bd. of Ohio, Franklin App. No. 07AP-261, 2007-Ohio-5802, 2007 WL 3148684, concluded that MedCorp’s notice of appeal set forth sufficient grounds to invoke the jurisdiction of the trial court, and it affirmed the trial court’s decision on the merits.
Ill
{¶ 8} Pursuant to R.C. 119.12, “[a]ny party desiring to appeal [an order of an administrative agency] shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party’s appeal.” The precise issue before us is what the statutory phrase “grounds of the party’s appeal” requires: may an appealing party meet this burden by simply providing a general statement that the underlying order “is not in accordance with law and is not supported by reliable, probative, and substantial evidence,” as MedCorp did in this case, or are more specific objections required?
{¶ 9} When construing a statute, we first examine its plain language and apply the statute as written when the meaning is clear and unambiguous. See State v. Lowe, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. The words used must be afforded their usual, normal, and/or customary meanings. See Proctor v. Kardassilaris, 115 Ohio St.3d 71, 2007-Ohio-4838, 873 N.E.2d 872, ¶ 12; R.C. 1.42.
{¶ 10} The Random House Dictionary of the English Language defines “grounds” in this context as “the foundation or basis on which a belief or action rests; reason or cause: grounds for dismissal.” (Italics sic.) Random House Dictionary (2d Ed.1987) 843. Black’s Law Dictionary provides a similar definition for “ground”: “[t]he reason or point that something (as a legal claim or argument) relies on for validity < grounds for divorce > < several grounds for appeal>.” Black’s Law Dictionary (8th Ed.2004) 723. These definitions support the conclusion that a “ground of the pax-ty’s appeal” is the discrete reason or x-easons that caused the party to appeal.
{¶ 11} Thus, to comply with R.C. 119.12, an appealing pax-ty must state in its notice of appeal the specific legal and/or factual reasons why it is appealing. The statute does not suggest that parties must present these reasons in exacting detail. Rather, pax-ties must simply designate the explicit objection they are raising to the administrative agency’s order, much in the same way that appellants in a coux-t of appeals must assex-t specific legal arguments in the form of assignments of ex-ror and issues for review, App.R. 16(A)(3) and (4), and appel *625 lants in this court must advance propositions of law, S.Ct.Prac.R. III(1)(B)(4) and VI (2) (B) (4).
{¶ 12} In this case, MedCorp claimed that the department’s audit determination was based on a flawed statistical-sampling methodology for which there is no provision in the department’s internal procedural manuals. Thus, in its notice of appeal, MedCorp could have stated, “The department erred when it employed a flawed statistical-sampling methodology to support its audit finding against MedCorp” or “The department used a statistical-sampling methodology not provided for in its internal procedural manuals.” If MedCorp believed that the department acted in contravention of a specific statute, it could have simply said, “The department’s audit was not conducted in compliance with” that statute. Any of these statements could fairly be called grounds for appeal, and all would have notified the court and the department of the precise argument being-advanced.
{¶ 13} Allowing a party to simply allege that the administrative order in question “is not supported by reliable, probative, and substantial evidence” and/or “is not in accordance with law” in its notice of appeal would create a result inconsistent with the clear intent driving the statute. We must avoid constructions that create absurdities, see In re T.R., 120 Ohio St.3d 136, 2008-Ohio-5219, 896 N.E.2d 1003, ¶ 16, and we must construe statutes so as to give effect to the General Assembly’s intent in enacting them, see Ackison v. Anchor Packing Co., 120 Ohio St.3d 228, 2008-Ohio-5243, 897 N.E.2d 1118, ¶ 36.
{¶ 14} When a party files an appeal from an order of an administrative agency, it is already making an affirmative statement that it believes that the underlying order “is not supported by reliable, probative, and substantial evidence, and/or is not in accordance with law” because it must meet that standard to succeed on appeal under the plain language of R.C. 119.12. If we were to adopt MedCorp’s position, those same, general words could be used in virtually every appeal from an administrative agency filed pursuant to the statute.
{¶ 15} By specifically requiring an appealing party to state the “grounds of [its] appeal” in the notice of appeal, the General Assembly clearly intended that the appealing party should provide some information supporting its conclusion that the order is not in accordance with law and is not supported by reliable, probative, and substantial evidence. If every appealing party could simply restate the standard of review applicable to all appeals without further specification, this requirement would, in effect, be excised from the statute.
{¶ 16} Such a construction would also create several problems. First, a boilerplate restatement of the standard of review fails to put the nonappealing party and the court on notice of the specific issues being appealed. In a case that *626 may include thousands of pages of proceedings and multiple issues, this lack of specificity at an early stage would waste everyone’s time.
{¶ 17} Second, R.C. 119.12 permits courts to review appeals with or without (1) ordering further comments from counsel, (2) ordering briefing, and (3) admitting additional evidence: “The court shall conduct a hearing on the appeal * * *. * * * The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to a civil action. At the hearing, counsel may be heard on oral argument, briefs may be submitted, and evidence may be introduced if the court has granted a request for the presentation of additional evidence.” (Emphasis added.)
{¶ 18} This provision reveals that the administrative-appeals process was designed to give the trial court flexibility in selecting the process for resolution of the case. The court has the discretion to do as much as hold a full hearing with extensive participation from the parties or as little as review the appeal without oral argument, briefing, or additional evidence. However, this flexibility can be exercised only if the appellant identifies the alleged defects in the order or proceedings from which the appeal is taken. A general statement of factual and legal conclusions gives the trial court no guidance and essentially prevents the court from resolving the case summarily when it may be appropriate to do so (e.g., when the appellant’s specific argument has recently been rejected in a controlling case). While a trial court could conceivably choose to review the entire record and identify specific errors on its own, giving proper effect to the words of the statute eliminates that necessity.
{¶ 19} Finally, several courts of appeals have held that trial courts may not dismiss administrative-agency appeals for failure to prosecute, even when the trial court orders or the local rules require the appellant to file a brief and the appellant fails to do so.[1] In these circumstances, the notice of appeal will be the trial court’s only source of guidance regarding the specific issues for appeal. If the appellant has provided only a restatement of the standard of review, the trial court will be forced to waste time combing through the record to pinpoint appealable issues. It makes sense that the General Assembly would place on an appellant the burden of identifying the specific grounds of appeal to promote efficient management of the appeal.
{¶ 20} In view of these reasons and the plain language of R.C. 119.12, we hold that to satisfy the “grounds of the party’s appeal” requirement in R.C. 119.12, *627 parties appealing under that statute must identify specific legal or factual errors in their notices of appeal; they may not simply restate the standard of review. While an extensive explanation of the alleged errors is not required at that point in the proceedings, the stated grounds must be specific enough that the trial court and opposing party can identify the objections and proceed accordingly, much in the same way that assignments of error and issues for review are presented in the courts of appeals and propositions of law are asserted in this court.
{¶ 21} MedCorp failed to designate precise errors in its notice of appeal; instead, it simply reiterated the statutory standard of review, that the order was “not in accordance with law and [was] not supported by reliable, probative, and substantial evidence.” This statement does not strictly comply with the plain meaning of R.C. 119.12, and thus the trial court lacked jurisdiction to consider MedCorp’s appeal. See Hughes v. Ohio Dept. of Commerce, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, ¶ 17-18.
IV
{¶ 22} For the foregoing reasons, we answer the certified question in the affirmative, reverse the judgment of the court of appeals, and dismiss the cause for lack of jurisdiction.
Judgment reversed and cause dismissed.
O’Connor, Lanzinger, and Cupp, JJ., concur.
Pfeifer, Lundberg Stratton, and O’Donnell, JJ., dissent.

. See, e.g., Red Hotz, Inc. v. Liquor Control Comm. (Aug. 17, 1993), Franklin App. No. 93AP-87, 1993 WL 325591; Minello v. Orange City School Dist. Bd. of Edn. (Dec. 16, 1982), Cuyahoga App. No. 44659, 1982 WL 2612.