[Cite as *Ohio Bd. of Pharmacy v. Evankovich*, 194 Ohio App.3d 686, 2011-Ohio-3172.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| OHIO BOARD OF PHARMACY | ) | |
| | ) | CASE NO.    10 MA 153 |
| APPELLEE, | ) | |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| EVANKOVICH, | ) | |
| | ) | |
| APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court,
Case No. 09CV4708.

JUDGMENT:     Reversed and Remanded.


APPEARANCE<u>S</u>:


    Michael DeWine, Attorney General, and Tracy Greuel, Assistant Attorney General, for appellee.

    Michael McGee and Matthew Vansuch; and Harry Reinhart, for appellant.


JUDGES:

Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  June 21, 2011

VUKOVICH, Judge.

{¶ 1} Appellant Gary Evankovich appeals the decision of the Mahoning County Common Pleas Court dismissing his administrative appeal of his pharmacist license revocation for lack of jurisdiction. Evankovich argues five separate contentions as to why the common pleas court erred in dismissing the administrative appeal. First, he contends that appellee the Ohio Board of Pharmacy did not have jurisdiction to prosecute Evankovich because the statutes and administrative code sections that he allegedly violated were allegedly not validly enacted. Second, he contends that R.C. 119.07's requirement that a hearing must be held not less than seven days but not more than 15 days after the request was violated. Third, Evankovich contends that his due-process rights were violated when attorney Rowland, the board's legal-affairs administrator, was present and did not permit him to offer his argument to the board regarding his position that the statutes and codes were not validly enacted. Fourth, he contends that the board's order is not a final, appealable order because it did not adjudicate all of the charges brought against him. Last, he contends that the notice of appeal did comply with R.C. 119.12 and, thus, properly invoked the jurisdiction of the common pleas court.

{¶ 2} The board counters the above by concentrating on the fifth argument. It contends that while the notice of appeal was timely, it did not comply with R.C. 119.12. Specifically, according to the board, the notice of appeal did not identify any specific legal or factual errors, nor did it recite the standard of review as it contends is required by the language of R.C. 119.12. According to the board, the remaining four arguments concerning the propriety of the underlying administrative proceeding are irrelevant

because the common pleas court's jurisdiction to decide those issues was never properly invoked.

{¶ 3} We agree with the board that our review is limited to the trial court's finding that the notice of appeal did not comply with R.C. 119.12. Therefore, we will not address Evankovich's first four arguments. However, we find that Evankovich's fifth argument has merit. The language of R.C. 119.12 requires the notice of appeal to contain a statement that "the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law." The notice of appeal in this case does not contain such a statement. However, considering statements made by the Ohio Supreme Court in *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.*, 121 Ohio St.3d 622, 2009-Ohio-2058, and a legislative enactment subsequent thereto, we hold that the notice of appeal in and of itself is an affirmative statement of the statutory standard of review. Thus, we find that the notice of appeal complied with the current statutory requirements. To find otherwise serves no purpose and flies in the face of the legislative purpose in amending R.C. 119.12.

{¶ 4} Therefore, we find that the sole assignment of error has merit. The decision of the common pleas court is reversed, and the matter is remanded for the appeal to proceed.

STATEMENT OF CASE

{¶ 5} On December 9, 2009, the board issued an order revoking Evankovich's pharmacy license. On December 14, 2009, Evankovich filed a notice of appeal. About a month after the notice of appeal was filed, the board filed a motion to dismiss based on lack of jurisdiction. The motion specifically indicated that while the notice was

timely, it did not comply with R.C. 119.12 because it did not set forth the grounds of Evankovich's appeal and the language in the notice of appeal was devoid of any allegation of legal or factual errors that occurred in the administrative proceedings.

{¶ 6} Evankovich responded to the motion to dismiss, raising arguments that went to the heart of the appeal, i.e., whether the administrative body had the authority to revoke his license on the basis that it did. Evankovich claimed that the "arguments concerning the adequacy of Appellant's notice of appeal are secondary to the fact that it cannot cure the statutory defect that riddled its prosecution of" Evankovich. This motion did not address whether the notice of appeal complied with R.C. 119.12. Three months later, Evankovich filed a merit brief. Once again, Evankovich made merit arguments; however, he also included an argument that the notice of appeal adequately complied with R.C. 119.12.

{¶ 7} On July 2, 2010, the magistrate issued its decision and granted the motion to dismiss based on lack of jurisdiction for failing to comply with R.C. 119.12. Specifically, it indicated that the notice of appeal did not set forth any grounds for the appeal. Evankovich objected to that decision, filed a brief in support of his objections, filed an amended notice of appeal that set forth grounds for the appeal, and filed a motion for reconsideration of the magistrate's July 2, 2010 decision.

{¶ 8} The magistrate denied the motion for reconsideration, deemed the amended notice of appeal untimely, and once again indicated that the original notice of appeal did not set forth any grounds for the appeal in violation of R.C. 119.12. Evankovich objected to the magistrate's decision.

{¶ 9} After reviewing both of the magistrate's decisions and the objections to those decisions, the trial court granted the motion to dismiss. It stated:

{¶ 10} "[T]he Motion to Dismiss filed by Appellee, Ohio State Board of Pharmacy is granted. Appellant's July 19, 2010 Amended Notice of Appeal of the December 9, 2009, Order of the Ohio State Board of Pharmacy is untimely.

{¶ 11} "Appellant failed to set forth any grounds for his appeal within his notice of appeal of the Order of December 9, 2009, as required by R.C. 119.12. Therefore, this Court lacks jurisdiction to consider Appellant's appeal. See *Medcorp, Inc. v. Ohio Dept. of Job & Family Services* (2009), 121 Ohio St.3d 622; *Zier v. Bureau of Unemployment Compensation* (1949), 151 Ohio St. 123.

{¶ 12} "The appeal is dismissed for lack of jurisdiction."

ASSIGNMENT OF ERROR

{¶ 13} "The trial court erred to the prejudice of appellant Gary Evankovich by adopting the magistrate's decision that granted the appellee Ohio State Board of Pharmacy's motion to dismiss."

{¶ 14} A motion challenging a court's subject-matter jurisdiction inherently raises a question of law, which is reviewed independently without deference to a trial court's determination. *In re Campbell*, 7th Dist. No. 05MA10, 2006-Ohio-1764, ¶ 7. Consequently, we review a trial court's determination on subject-matter jurisdiction under a de novo standard of review. *Fifth Third Bank, N.A. v. Maple Leaf Expansion, Inc.*, 188 Ohio App.3d 27, 2010-Ohio-1537, ¶ 10.

{¶ 15} As aforementioned, the common pleas court dismissed the appeal for lack of jurisdiction because the notice of appeal did not comply with R.C. 119.12.

Although Evankovich made five separate arguments in his appellate brief, only the fifth argument addresses whether the notice of appeal complies with R.C. 119.12. The first three arguments are merit arguments that address the propriety of the administrative proceedings. In the fourth argument, he contends that the order he appealed from is not a final, appealable order.

{¶ 16} Those first four arguments will not be addressed by this court because our review is solely limited to the common pleas court's determination of jurisdiction based on the notice of appeal complying with R.C. 119.12. In order for the common pleas court to have the authority to address those four arguments, its jurisdiction had to be properly invoked under R.C. 119.12. It has previously been explained that when a statute confers the right to appeal, an appeal can be perfected *only in the mode prescribed by that statute*. *Ramsdell v. Ohio Civ. Rights Comm.* (1990), 56 Ohio St.3d 24, 27. Consequently, R.C. 119.12's requirements must be met in order to invoke the common pleas court's jurisdiction to review the administrative order. Thus, any argument or insinuation that the adequacy of the notice of appeal is secondary to any alleged errors that occurred during the administrative proceedings is incorrect.

{¶ 17} Furthermore, pursuant to R.C. 119.12, the common pleas court's review of an order of an administrative agency is limited to whether the agency's order is supported by reliable, probative, and substantial evidence and is in accordance with law. Our review of a common pleas court's determination under that standard of review is even more limited because we cannot review the evidence. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621. We review the common pleas court's decision for an abuse of discretion. Id. Consequently, because there is no ruling by

the common pleas court on the first four arguments raised, and our review of any merit ruling is limited to whether the common pleas court abused its discretion, we cannot usurp the common pleas court's role to review the merit arguments to determine whether the administrative order is supported by reliable, probative, and substantial evidence and is in accordance with law.

{¶ 18} Therefore, because we cannot review the first four arguments, our analysis turns to the heart of the appeal: whether the notice of appeal invoked the common pleas court's jurisdiction to review the administrative order.

{¶ 19} As previously indicated, in order to invoke the common pleas court's jurisdiction over the administrative appeal, Evankovich had to comply with R.C. 119.12. The current version states:

{¶ 20} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. The notice of appeal may, but need not, set forth the specific grounds of the party's appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. * * * The amendments made to this paragraph by Sub. H.B. 215 of the 128th general assembly are procedural, and this paragraph as amended by those amendments shall be applied retrospectively to all appeals pursuant to this paragraph filed before the effective date of those amendments but not earlier than May 7, 2009, which was the date the supreme court of Ohio released its opinion and judgment in *Medcorp, Inc. v. Ohio Dep't. of Job and Family Servs.* (2009), 121 Ohio St.3d 622."

{¶ 21} The notice of appeal in this matter was filed in December 2009, prior to the September 13, 2010 effective date of this statute. However, pursuant to the retroactive language of this statute, this version is applicable to Evankovich.

{¶ 22} The Ohio Supreme Court has stated that when construing a statute, we must first examine its plain language and apply the statute as written when the meaning is clear and unambiguous. *Medcorp*, 121 Ohio St.3d 622, 2009-Ohio-2058, ¶ 9 (dealing specifically with the construction of R.C. 119.12). "The words used must be afforded their usual, normal, and/or customary meanings." Id.

{¶ 23} When the words in the statute are given their ordinary meaning, the statute requires the notice of appeal to contain two things. First, an indication of the order appealed from, and second, a statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. The second requirement is a recitation of the statutory standard of review for the administrative appeal that is found in R.C. 119.12.

{¶ 24} Evankovich's December 14, 2009 notice of appeal stated:

{¶ 25} "Now comes **GARY EVANKOVICH**, Rh.P., Pharmacy License Number 03-2-13226, and hereby gives NOTICE of his APPEAL of the order of the Ohio State Board of Pharmacy on or about December 1, 2009 revoking his license to practice pharmacy, and all other actions taken by the Board against him as a result of the hearings held on September 14-15, October 7, and November 4, 2009. This APPEAL is taken pursuant to O.R.C. §119.02 to the MAHONING COUNTY COURT OF COMMON PLEAS, being the county in which the place of business of the licensee is

located and the county in which the licensee is a resident." (Boldface and capitalization sic.)

{¶ 26} Clearly, this notice does not state that the order is not supported by reliable, probative, and substantial evidence and that it is not in accordance with law. The notice, at most, refers to the order Evankovich is appealing from and states that the appeal is taken pursuant to R.C. 119.12.

{¶ 27} When considering a notice of appeal that similarly lacked a recitation of the statutory standard of review, our sister district found that under the current version of R.C. 119.12, the common pleas court's jurisdiction was not properly invoked. *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731. It explained:

{¶ 28} "The amended statute requires an appellant's notice of appeal to, at least, state that 'the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law,' even while eliminating the requirement of any specificity 'beyond [that] statement.' Foreman's notice of appeal, by contrast, states only that she 'bases her appeal on issues of fact and law.' The recent amendments to R.C. 119.12 do not alter the necessity for strict adherence to the statutory requirements to invoke the trial court's jurisdiction over an administrative appeal. Thus, we conclude that even under the amended statute, Foreman's notice of appeal was insufficient under R.C. 119.12 and that the trial court lacked subject-matter jurisdiction to hear Foreman's appeal." Id. at ¶ 15.

{¶ 29} In rendering its decision, the Tenth Appellate District acknowledged that the amendments to R.C. 119.12 were made by the General Assembly to relax the

requirements for the contents of the notice of appeal. Id. We agree with the Tenth Appellate District that the new version of the statute relaxes the requirements for the notice of appeal. The amendments specifically refer to the Ohio Supreme Court's decision in *Medcorp* and make the amendments retroactive to the date of the *Medcorp* decision. In *Medcorp*, the court held that a statement in the notice of appeal that the administrative decision "is not in accordance with law and is not supported by reliable, probative and substantial evidence" was merely a recitation of the standard of review the common pleas court employs in reviewing the administrative order and, as such, was not sufficient to meet the previous version of R.C. 119.12 that required the notice of appeal to contain the grounds for the appeal. *Medcorp*, 121 Ohio St.3d 622, 2009-Ohio-2058, ¶ 1-9. The court determined that the notice of appeal was required to specify legal and/or factual reasons why it was appealing. Id. at ¶ 11. An appellant was required to "designate the explicit objection they are raising to the administrative agency's order, much in the same way that appellants in a court of appeals must assert specific legal arguments in the form of assignments of error and issues for review, * * *, and appellants in [the Ohio Supreme Court] must advance propositions of law * * *." Id.

{¶ 30} That said, we disagree with our sister district's conclusion that the notice of appeal must be dismissed if it does not state the statutory standard of review. The Ohio Supreme Court made the following statement in *Medcorp*:

{¶ 31} "When a party files an appeal from an order of an administrative agency, it is already making an affirmative statement that it believes that the underlying order 'is not supported by reliable, probative, and substantial evidence, and/or is not in

accordance with law' because it must meet that standard to succeed on appeal under the plain language of R.C. 119.12. If we were to adopt Medcorp's position [that a recitation of the statutory standard of review is sufficient to constitute grounds for the appeal], those same, general words could be used in virtually every appeal from an administrative agency filed pursuant to the statute." Id. at ¶ 14.

{¶ 32} Furthermore, the Ohio Supreme Court has consistently indicated that the purpose of a notice of appeal is to inform the opposing party of the taking of an appeal. *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.,* 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 29 (deciding what the word "filed" in R.C. 2505.04 meant), citing *Maritime Mfrs., Inc. v. Hi-Skipper Marina* (1982), 70 Ohio St.2d 257, 259; *Wells v. Chrysler Corp.* (1984), 15 Ohio St.3d 21, 24 (holding that the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming); *Couk v. Ocean Acc. & Guar. Corp.* (1941), 138 Ohio St. 110, 116, quoting *Capital Loan & Sav. Co. v. Biery* (1938), 134 Ohio St. 333, 339 ("the purpose of the notice of appeal is 'to apprise the opposite party of the taking of an appeal.' If this is done beyond danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished").

{¶ 33} Likewise, it must be noted that the General Assembly referred to the *Medcorp* decision in its amendments to R.C. 119.12. The effect of the amendments clearly was to relax the requirements for the notice of appeal. Thus, the purpose of the legislature's relaxation of R.C. 119.12 was to make it easier to appeal the administrative decision, not to make an additional less onerous requirement for the appealing party.

{¶ 34} Thus, considering all the above, we find that the notice of appeal properly invoked the trial court's jurisdiction; the notice of appeal complied with R.C. 119.12. The notice of appeal in and of itself is an affirmative statement that the party believes that the order it is appealing is not supported by reliable, probative, and substantial evidence and is not in accordance with law. Any requirement to make a written statement of the standard of review in the notice of appeal is superfluous.

{¶ 35} Moreover, dismissing the appeal because the notice of appeal fails to state the statutory standard leads to an absurd and unreasonable result. R.C. 1.47(C) states that "[i[n enacting a statute, it is presumed that * * * [a] just and reasonable result is intended." Likewise, the Ohio Supreme Court has consistently indicated that it " 'is a cardinal rule of statutory construction that a statute should not be interpreted to yield an absurd result' ." *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, ¶ 25, quoting *Mishr v. Bd. of zoning Appeals* (1996), 76 Ohio St.3d 238, 667 N.E.2d 365. See also *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, ¶ 20; *State ex rel. Asti v. Ohio Dept. of Youth Servs.,* 107 Ohio St.3d 262, 2005-Ohio-6432.

{¶ 36} Consequently, the sole assignment of error has merit. The judgment of the trial court is hereby reversed, and the matter is remanded for the appeal to proceed.

{¶ 37} In rendering our ruling, we acknowledge that our decision is in direct conflict with the Tenth Appellate District's decision in *Foreman,*.189 Ohio App.3d 678, 2010-Ohio-4731. Consequently, pursuant to Section 3(B)(4), Article IV of the Ohio Constitution, we certify the following question to the Ohio Supreme Court:

{¶ 38} "To invoke the common pleas court's jurisdiction over an administrative appeal, does the current version of R.C. 119.12 require the appealing party to state in the notice the statutory standard of review?  Or does the notice of appeal in and of itself provide a sufficient indication of that standard and thus, meet the requirements of R.C. 119.12?"

Judgment accordingly.

WAITE, P.J., and DEGENARO, J., concur.

_____