French, J.
{¶ 1} In this consolidated certified conflict and discretionary appeal by appellant, the director of the Ohio Department of Job and Family Services (“ODJFS”), we address whether R.C. 4141.282 requires parties appealing from decisions of the Unemployment Compensation Review Commission to name all interested parties as appellees in the notice of appeal before the court of common pleas can exercise jurisdiction. We agree with the Ninth District Court of Appeals that R.C. 4141.282 does not require appellee, Marcus Pryor, to name all interested parties in order to perfect his appeal. We hold that R.C. 4141.282 imposes only one jurisdictional requirement for perfecting an appeal from a commission decision: “The timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court.” R.C. 4141.282(C).
{¶ 2} We also conclude that the commission’s practice of listing the names and addresses of parties who were sent a copy of its final decision without identifying whether those parties are “interested parties” fails to comply with R.C. 4141.282(D). R.C. 4141.282(D) states that “[t]he commission shall provide on its final decision the names and addresses of all interested parties.” The commission’s July 24, 2013 decision listed the names and addresses of Pryor, the ODJFS director, and the United States Department of the Army, Pryor’s former employer. The decision, however, failed to identify any party other than the director as an interested party who must be named as an appellee. We therefore hold that *2 the commission failed to comply with the procedural requirements of R.C. 4141.282(D), and accordingly, Pryor’s time to appeal never started. See Hughes v. Ohio Dept. of Commerce, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, paragraph one of the syllabus (an agency must “strictly comply'” with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the affected party before the appeal period can commence).
{¶ 3} While we agree with the Ninth District that the naming of interested parties is not a jurisdictional requirement under R.C. 4141.282, we nevertheless reverse the Ninth District’s judgment to the extent that it reversed the common pleas court’s dismissal of Pryor’s appeal for lack of jurisdiction and reinstated Pryor’s administrative appeal in the common pleas court. Because Pryor’s time to appeal the commission’s decision never began, the common pleas court’s dismissal of the appeal was correct. We remand the cause to the commission to issue a decision that complies with R.C. 4141.282(D). Pryor may then refile a notice of appeal in the appropriate common pleas court in accordance with R.C. 4141.282.
FACTS AND PROCEDURAL HISTORY
{¶ 4} In January 2011, Pryor enlisted with the Army for a four-year term as a combat medic. The Army honorably discharged Pryor in August 2012, before the completion of his full term of service, so that Pryor could enter an officer-training program. Pryor applied that same month to ODJFS for unemployment compensation.
{¶ 5} The ODJFS Office of Unemployment Compensation initially determined on September 10, 2012, that Pryor was eligible for benefits. After an appeal by the Army’s Human Resources Command, however, the director of ODJFS issued a redetermination on April 18, 2013, reversing ODJFS’s September 10, 2012 decision and ordering Pryor to return $10,800 in overpaid benefits.
{¶ 6} Pryor appealed to the Unemployment Compensation Review Commission, and the commission held a hearing on the matter in accordance with R.C. 4141.281. The Army did not participate in the hearing. A hearing officer affirmed the director’s April 18, 2013 redetermination.
{¶ 7} On July 24, 2013, the commission issued a decision denying Pryor’s request to review the hearing officer’s findings. In a section entitled “Appeal Rights,” the commission’s decision informed Pryor that if he appealed from the commission’s decision he “must name all interested parties as appellees in the notice of appeal, including the Director of [ODJFS].” The same paragraph of the decision informed Pryor that he had 30 days from the mailing date of the decision to file an appeal in the court of common pleas of the county where he resides or *3 was last employed, as set forth in R.C. 4141.282. The decision concluded with a notice that the decision was sent to Pryor, the Army, and the director of ODJFS and listed their addresses. The commission’s decision did not indicate that any party other than ODJFS was an interested party who must be named in the appeal.
{¶ 8} On August 23, 2013, Pryor filed an appeal in the Summit County Common Pleas Court in accordance with R.C. 4141.282. While Pryor’s notice of appeal named the director of ODJFS as the appellee, he did not name the Army as a party to his appeal. However, Pryor did file a separate document requesting the clerk of courts to serve his notice of appeal on the director of ODJFS and the Army. On December 31, 2013, the common pleas court granted the ODJFS director’s motion to dismiss, finding that because Pryor failed to name the Army as an interested party, his notice of appeal did not comply with R.C. 4141.282(D) and the court did not have subject-matter jurisdiction.
{¶ 9} The Ninth District Court of Appeals reversed and concluded that Pryor’s failure to name his former employer was not a jurisdictional defect. The court held that R.C. 4141.282(C) sets forth only two requirements to perfect an appeal: the appellant must timely file the notice of appeal, and the notice must identify the decision appealed from. The court also concluded that the provisions in R.C. 4141.282(D) and (E) pertaining to the naming of interested parties and service of the notice of appeal do not impose conditions precedent to the vesting of subject-matter jurisdiction in the common pleas court.
{¶ 10} The court certified that its judgment conflicted with the judgments in the following cases: Dikong v. Ohio Supports, Inc., 2013-Ohio-33, 985 N.E.2d 949 (1st Dist.); Mattice v. Dept. of Job & Family Servs., 2d Dist. Montgomery No. 25718, 2013-Ohio-3941, 2013 WL 5172913; Rupert v. Dept. of Job & Family Servs., 6th Dist. Lucas No. L-14-1139, 2015-Ohio-915, 2015 WL 1124840; Hinton v. Unemp. Rev. Comm., 7th Dist. Mahoning No. 14 MA 45, 2015-Ohio-1364, 2015 WL 1530820; Luton v. Unemp. Revision Comm., 8th Dist. Cuyahoga No. 97996, 2012-Ohio-3963, 2012 WL 3765079; Sydenstricker v. Donato’s Pizzeria, L.L.C., 11th Dist. Lake No. 2009-L-149, 2010-Ohio-2953, 2010 WL 2557705.
{¶ 11} In accordance with S.Ct.Prac.R. 8.03, we determined that a conflict exists on the following question: “When appealing an unemployment compensation decision to the trial court, are the requirements contained in R.C. 4141.282(D), which explains how to name the parties, mandatory requirements necessary to perfect the appeal and vest the trial court with jurisdiction?” 143 Ohio St.3d 1415, 2015-Ohio-2911, 34 N.E.3d 928. We also accepted the ODJFS director’s discretionary appeal asserting that R.C. 4141.282(D)’s requirements are jurisdictional requirements, 143 Ohio St.3d 1416, 2015-Ohio-2911, 34 N.E.3d 930, *4 and we consolidated the two cases, 143 Ohio St.3d 1415, 2015-Ohio-2911, 34 N.E.3d 928.
ANALYSIS

Requirements for perfecting an appeal under R.C. 4141.282

{¶ 12} When a statute confers a right to appeal, the appeal can be perfected only in the mode the statute prescribes. Zier v. Bur. of Unemp. Comp., 151 Ohio St. 123, 84 N.E.2d 746 (1949), paragraph one of the syllabus. Compliance with the specific and mandatory requirements governing the filing of a notice of appeal “is essential to invoke jurisdiction of the Court of Common Pleas.” Id. at paragraph two of the syllabus. Accordingly, we must determine here whether R.C. 4141.282, the statute conferring a right to appeal from decisions of the Unemployment Compensation Review Commission, requires an appellant to name all interested parties in the notice of appeal in order to invoke the jurisdiction of the common pleas court. We conclude that it does not.
{¶ 13} R.C. 4141.282(A) through (E) reads as follows:
(A) THIRTY-DAY DEADLINE FOR APPEAL
Any interested party, within thirty days after written notice of the final decision of the unemployment compensation review commission was sent to all interested parties, may appeal the decision of the commission to the court of common pleas.
(B) WHERE TO FILE THE APPEAL
An appellant shall file the appeal with the court of common pleas of the county where the appellant, if an employee, is a resident or was last employed or, if an employer, is a resident or has a principal place of business in this state. If an appellant is not a resident of or last employed in a county in this state or does not have a principal place of business in this state, then an appellant shall file the appeal with the court of common pleas of Franklin county.
(C) PERFECTING THE APPEAL
The timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court. The notice of appeal shall identify the decision appealed from.
(D) INTERESTED PARTIES
The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family *5 services is always an interested party and shall be named as an appellee in the notice of appeal.
(E) SERVICE OF THE NOTICE OF APPEAL
Upon filing the notice of appeal with the clerk of the court, the clerk shall serve a copy of the notice of appeal upon all appellees, including the director.
(Capitalization sic.)
{¶ 14} Our starting point here is the statute’s text. R.C. 4141.282(C) addresses the procedure for perfecting the appeal and expressly states that “[t]he timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court.” When a statute is plain and unambiguous on its face, we need not resort to the rules of statutory construction; we must assume that the General Assembly meant what it said. See State ex rel. Wise v. Ryan, 118 Ohio St.3d 68, 2008-Ohio-1740, 886 N.E.2d 193, ¶ 26. Here, the General Assembly has clearly stated in R.C. 4141.282(C) that the timely filing of the notice of appeal is the “only” jurisdictional requirement for perfecting an appeal. The word “only” means just that.
{¶ 15} The dissent interprets the word “shall” in R.C. 4141.282(D) as imposing the naming of all interested parties in the notice of appeal as an additional jurisdictional prerequisite. This reading, however, ignores the plain legislative statement of jurisdiction in division (C). The unequivocal language in the first sentence of R.C. 4141.282(C) precludes us from reading into the statute any additional jurisdictional requirements other than timely filing of the notice of appeal. See Nucorp, Inc. v. Montgomery Cty. Bd. of Revision, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980) (declining to “find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated”). Although R.C. 4141.282 imposes various procedural requirements — among other things, the naming of interested parties, venue, and service — not every requirement, even if mandatory, is jurisdictional in nature. See Spencer v. Freight Handlers, Inc., 131 Ohio St.3d 316, 2012-Ohio-880, 964 N.E.2d 1030, ¶ 22 (failure to comply with party-naming requirement could lead to dismissal of a workers’ compensation appeal, but “that does not make the requirement jurisdictional”). The question whether an appellant’s failure to name all interested parties may justify subsequent dismissal of an appeal under R.C. 4141.282 is not before us. Here, we need only determine whether that failure justifies dismissal for lack of jurisdiction.
{¶ 16} The director of ODJFS relies on Spencer to argue that the party-naming requirement in R.C. 4141.282(D) is jurisdictional because it governs the content of a notice of appeal. However, the director draws the wrong lesson from Spencer. The outcome in Spencer did not rest on application of a content- *6 based test to determine which statutory requirements were jurisdictional. Rather, our inquiry focused on what the statute itself expressly stated as the sole requirement for perfecting an appeal.
{¶ 17} The key statutory provision in Spencer stated that “ ‘[t]he filing of the notice of the appeal with the court is the only act required to perfect the appeal.’ ” Spencer at ¶ 9, quoting R.C. 4123.512(A). We therefore looked to the rest of the statute to see what “filing of the notice of the appeal” entailed: “ ‘The notice of appeal shall state the names of the claimant and the employer, the number of the claim, the date of the order appealed from, and the fact that the appellant appeals therefrom.’ ” Id. at ¶ 9, quoting R.C. 4123.512(B). Because R.C. 4123.512(A) expressly sets forth the “filing of the notice of the appeal” as the only jurisdictional requirement, we concluded that inclusion of the information required in the notice of appeal itself was the only condition precedent to vest jurisdiction. Id. at ¶ 15, 17. Any additional requirements, including naming the administrator of workers’ compensation, the claimant, and the employer as parties to the appeal, addressed nonjurisdictional items imposed “in addition to or subsequent to a notice of appeal.” Id. at ¶ 16-17, citing R.C. 4123.512(B). Our determination in Spencer, therefore, did not depend on whether the statute addressed the contents of a notice of appeal; our inquiry focused on the wording of R.C. 4123.512(A), which expressly stated that the “filing of the notice of the appeal” is the only requirement for perfecting an appeal.
{¶ 18} Unlike the more open-ended language examined in Spencer, R.C. 4141.282(C) states that “[t]he timely filing of the notice of appeal shall be the only act required to perfect the appeal and vest jurisdiction in the court.” (Emphasis added.) The General Assembly has clearly stated that timely filing — and no other requirement related to the filing of a notice of appeal — is the only jurisdictional requirement under R.C. 4141.282. While we recognized in Spencer that the naming of certain parties may be a jurisdictional requirement “in cases that involve statutes that clearly require such for jurisdiction,” Spencer at ¶ 19, this is not one of those cases.
{¶ 19} For these reasons, we conclude that timely filing of the notice of appeal is the only jurisdictional requirement for perfecting an appeal under R.C. 4141.282.

Commission’s failure to identify all interested parties

{¶ 20} We also conclude that the commission’s decision did not meet the procedural requirements of R.C. 4141.282(D) because it did not identify the Army, Pryor’s former employer, as an interested party. Pryor’s 30-day period to appeal, therefore, never started.
*7 {¶ 21} We have consistently held that an administrative agency must strictly comply with the procedural requirements governing the issuance of its decision before the time for appeal begins to run. In Proctor v. Giles, 61 Ohio St.2d 211, 400 N.E.2d 393 (1980), we held that compliance by the Unemployment Compensation Board of Review with the procedural requirements of former R.C. 4141.28(0) was a necessary precondition to the running of the 30-day period to appeal. In Sun Refining & Marketing Co. v. Brennan, 31 Ohio St.3d 306, 511 N.E.2d 112 (1987), we concluded that an agency must comply with the procedural requirements in R.C. 119.09 before the 15-day appeal period begins to run. Id. at 308-309, citing Proctor.
{¶ 22} More recently, in Hughes, 114 Ohio St.3d 47, 2007-Ohio-2877, 868 N.E.2d 246, we held that an agency must “strictly comply” with the procedural requirements of R.C. 119.09 for serving the final order of adjudication upon the affected party before the appeal period can commence. Id. at paragraph one of the syllabus, citing Sun Refining. In Hughes, the agency failed to serve a certified copy of its order upon the affected party, as required by R.C. 119.09. Id. at ¶ 13-15. The agency argued that the affected party was not prejudiced, because she did receive a copy of the order, but not a certified copy. Id. at ¶ 11. We rejected that argument and concluded that the agency failed to strictly comply with the procedural requirements of the statute. Id. at ¶ 12-15.
{¶ 23} Here, the commission’s July 24, 2013 decision failed to indicate that the Army was an interested party that Pryor must name in his notice of appeal. R.C. 4141.282(D) states: “The commission shall provide on its final decision the names and addresses of all interested parties. The appellant shall name all interested parties as appellees in the notice of appeal. The director of job and family services is always an interested party and shall be named as an appellee in the notice of appeal.” In a section entitled “Appeal Rights,” the commission’s decision informed Pryor that “[t]he appellant must name all interested parties as appellees in the notice of appeal, including the Director of [ODJFS].” The next paragraph informed Pryor that he had 30 days to appeal. The final paragraph stated, “This decision was sent to the following,” followed by a list of the parties who received the commission’s decision — Pryor, the Army, and the director of ODJFS — and their addresses. The last paragraph of the decision did not indicate that those individuals or entities were interested parties who must be named in the notice of appeal. It merely indicated that they were sent a copy of the commission’s decision, much like the parties listed in a certificate of service. Common sense tells us that listing the parties who will receive a copy of the commission’s decision — without expressly identifying them as interested parties— does nothing to advise a potential appellant and falls well short of the mandate in R.C. 4141.282(D) that the decision provide the names and addresses of all interested parties.
*8 {¶ 24} We conclude that the commission failed to comply with the procedural requirements in R.C. 4141.282(D), and therefore, Pryor’s 30-day appeal period never started to run. Once the commission issues a decision that complies with R.C. 4141.282(D), Pryor may then refile a notice of appeal in the appropriate common pleas court in accordance with R.C. 4141.282.
CONCLUSION
{¶ 25} For the reasons above, we reverse the judgment of the appeals court and remand to the commission to issue a decision that complies with R.C. 4141.282(D).
Judgment reversed and cause remanded.
Pfeifer, Lanzinger, Kennedy, and O’Neill, JJ., concur.
O’Connor, C.J., dissents, with an opinion.
O’Donnell, J., dissents and would reverse the judgment of the Ninth District Court of Appeals and reinstate the judgment of the Summit County Common Pleas Court.