[Cite as *Everett v. Ohio Dept. of Job & Family Servs.*, 2019-Ohio-4504.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

Laicey Everett v

      Appellant

v.

The Ohio Department of Job and
Family Services

      Appellee

Court of Appeals No. S-19-017

Trial Court No. 19 CV 156

**<u>DECISION AND JUDGMENT</u>**

Decided:  November 1, 2019

* * * * *

Peter J. Wagner, for appellant.

Dave Yost, Ohio Attorney General, Theresa R. Dirisamer, Assistant
Attorney General, for appellee.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an accelerated appeal from a judgment of the Sandusky County Court

of Common Pleas which dismissed the appeal from an administrative decision for lack of

subject-matter jurisdiction. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} The following facts are relevant to this appeal. On February 12, 2018, petitioner-appellee, Ohio Department of Job and Family Services (ODJFS), notified respondent-appellant, Laicey Everett, of its intent to revoke her Type B Home Provider license for home child care pursuant to R.C. 5104.04(C) and applicable regulations. Appellee alleged that since November 4, 2016, appellant violated regulations regarding: (1) the length of time her boyfriend stayed in the home that changed the household composition, (2) timely reporting to appellee of the change in household composition, and (3) conducting background checks on the adult residents in the home. The hearing was held on August 14, 2018. On November 16, 2018, the hearing examiner issued his report and recommended revocation of appellant's license, and appellant timely filed her objections. On December 27, 2018, appellee mailed by certified mail a certified copy of its adjudication order, in which appellee's director addressed the objections, adopted the hearing examiner's findings of fact and conclusions of law, and revoked appellant's license effective immediately. The record includes a signed delivery confirmation receipt for appellant dated December 29, 2018.

{¶ 3} The end of the December 27, 2018 Adjudication Order states the following notice:

Hereby be advised that you may be entitled to appeal this

Adjudication Order to the Court of Common Pleas in the county of business

2.

or residence pursuant to ORC Section 119.12. Any adversely affected arty desiring to appeal this Order must file a notice of appeal with the ODJFS, Hearing Coordinator, 30 East Broad Street, 31st Floor, Columbus, Ohio 43215-3414, setting forth the order appealed from and stating that the department's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. The notice of appeal may, but need not, set forth the specific grounds of the party's appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and are not in accordance with law. In order to be determined filed with ODJFS, the notice of appeal must be received by ODJFS, as evidenced by an ODJFS date and time stamp, no later than fifteen (15) days after the mailing of this Adjudication Order to the affected party. The affected party shall also file the notice of appeal with the court of common pleas no later than fifteen days after the mailing of this Adjudication Order to the affected party. In filing a notice of appeal with ODJFS or the court, the notice that is filed may be the original notice or a copy of the original notice.

{¶ 4} Appellant appealed the order by giving written notice to appellee, which it received on January 16, 2019 and placed on it the date and time stamp of, "REC'D ODJFS LEGAL 19JAN16 AM 0804." The content of the notice was, "Respondent/Provider Laicey Everett hereby appeals to the Sandusky County Court of

3.

Common Pleas from a decision of the Ohio Department of Job and Family Services, journalized on December 27, 2018. A copy of this decision is attached." The certificate of service attached to the notice of appeal states service was made "by ordinary mail" to appellee's "Office of Legal and Acquisition Services" and to counsel for appellee. The second file stamp appearing on the notice of appeal in the record states, "Sandusky County Court of Appeals Filed Jan. 14 2019 Tracy M. Overmyer, Clerk."

{¶ 5} Then on February 15, 2019, appellant gave nunc pro tunc notice of appeal as of January 14, 2019 to the Sandusky County Court of Common Pleas with a nearly identical notice that added, "To Appellee: Please prepare a complete transcript of all the original papers, testimony, evidence offered, heard, and taken into consideration in issuing the adjudication order in this matter and file the same with the court, as provided in R.C. 2506.02." The certificate of service attached to the nunc pro tunc notice of appeal states service was made "by ordinary mail" to appellee's "Hearing Officer" and to counsel for appellee.

{¶ 6} On February 15, 2019, appellant also filed a motion to correct the record arguing that a copy of her January 14, 2019 notice to appellee was file stamped that day, and the clerk erred by filing it with the court of appeals rather than common pleas court.

{¶ 7} Appellee moved to dismiss the appeal on February 20, 2019, as being untimely and non-compliant with R.C. 119.12(D). On March 15, 2019, the common pleas court journalized its judgment entry granting appellee's motion, and dismissed the appeal for lack of subject-matter jurisdiction.

4.

**{¶ 8}** Appellant then filed this appeal setting forth one assignment of error:

I. The lower court erred in dismissing appellant's administrative appeal.

## I. Standard of Review

**{¶ 9}** "We review a trial court's decision regarding motions to dismiss for lack of subject matter jurisdiction de novo." *State v. Caskey*, 6th Dist. Lucas No. L-17-1166, 2018-Ohio-131, ¶ 10; *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, 56 N.E.3d 913, ¶ 12.

## II. Subject-Matter Jurisdiction

It is elementary that an appeal, the right to which is conferred by statute, can be perfected only in the mode prescribed by statute. The exercise of the right of appeal conferred is conditioned upon compliance with the accompanying mandatory requirements. No one would contend that a notice of appeal need not be filed within the time fixed by statute. Compliance with a requirement that a notice of appeal shall be filed within the time specified, in order to invoke jurisdiction, is no more essential than that the notice be filed at the place designated and that it be such in content as the statute requires.

*Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 125, 84 N.E.2d 746 (1949).

**{¶ 10}** "The rights of a party who wishes to appeal from an administrative order are found in R.C. 119.12." *Hughes v. Ohio Dept. of Commerce*, 114 Ohio St.3d 47,

5.

2007-Ohio-2877, 868 N.E.2d 246, ¶ 9; R.C. 5104.03(I)(1) and 5104.04(D) (any owner or person whose type B home child care license is revoked may appeal in accordance with R.C. 119.12).

{¶ 11} "A question of statutory construction presents an issue of law that we determine de novo on appeal." *Lang v. Dir., Ohio Dept. of Job & Family Servs.*, 134 Ohio St.3d 296, 2012-Ohio-5366, 982 N.E.2d 636, ¶ 12. "When construing a statute, we first examine its plain language and apply the statute as written when the meaning is clear and unambiguous. The words used must be afforded their usual, normal, and/or customary meanings." *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.*, 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125, ¶ 9. "Further, when interpreting a statute, courts must 'avoid an illogical or absurd result.'" (Citations omitted.) *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 18.

{¶ 12} Pursuant to R.C. 119.01(H), "'Appeal' means the procedure by which a person, aggrieved by a finding, decision, order, or adjudication of any agency, invokes the jurisdiction of a court." "'Jurisdiction over an administrative appeal does not vest in a common pleas court unless and until an appeal is perfected.'" (Citation omitted.) *AT&T* at ¶ 17. "When a statute confers a right to appeal, the appeal can be perfected only in the mode the statute prescribes. Compliance with the specific and mandatory requirements governing the filing of a notice of appeal 'is essential to invoke jurisdiction of the Court

6.

of Common Pleas.'" *Pryor v. Dir., Dept. of Job & Family Servs.*, 148 Ohio St.3d 1, 2016-Ohio-2907, 68 N.E.3d 729, ¶ 12, quoting *Zier* at paragraph two of the syllabus.

{¶ 13} Strict compliance with R.C. 119.12 is necessary for a party aggrieved by an administrative agency's order to invoke the subject-matter jurisdiction of the trial court. *High Hopes Transp., Inc. v. Beasley*, 6th Dist. Wood No. WD-09-021, 2009-Ohio-4064, ¶ 16, citing *Hughes* at ¶ 18. "Just as we require an agency to strictly comply with the requirements of R.C. 119.09, a party adversely affected by an agency decision must likewise strictly comply with R.C. 119.12 in order to perfect an appeal." *Hughes* at ¶ 17; *Medcorp* at ¶ 21. The Ohio Supreme Court has repeatedly "held that conditions for pursuing an appeal are mandatory and jurisdictional." *Colonial Village Ltd. v. Washington Cty. Bd. of Revision*, 114 Ohio St.3d 493, 2007-Ohio-4641, 873 N.E.2d 298, ¶ 10.

## A. Timeliness of Appeal

{¶ 14} It is undisputed on Thursday, December 27, 2018, appellee served appellant (with a copy to her attorney) by certified mail, return receipt requested, a certified copy of the notice of its adjudication order with "a statement of the time and method by which an appeal may be perfected." R.C. 119.09. That mailing event triggered a 15-day period during which appellant must file her notice of appeal to both the agency and to the common pleas court as specified in R.C. 119.12. *Hughes* at ¶ 10 and 16.

{¶ 15} According to R.C. 119.12(D):

7.

Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. * * * The notice of appeal shall also be filed by the appellant with the court. In filing a notice of appeal with the agency or court, the notice that is filed may be either the original notice or a copy of the original notice. Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section.

{¶ 16} According to R.C. 1.14, "The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that, when the last day falls on Sunday or a legal holiday, the act may be done on the next succeeding day that is not Sunday or a legal holiday."

{¶ 17} The common pleas court's March 12, 2019 judgment entry found appellant's notice of appeal was untimely, stating:

The Adjudication Order appealed from was journalized on December 27, 2018 and became effective on that date. * * * Proof of mailing the Adjudication Order on December 27, 2018 by certified mail to Appellant was submitted, to wit certified mail #7015 0640 003 2646 2714, with this tracking number checked as being delivered and left with an individual on December 29, 2018 at 10:04 A.M. In this case, the appeal

8.

was filed with the Clerk of the Sandusky County Common Pleas Court on January 14, 2019, a Monday. * * * Counsel for Appellant argues that ORC 1.14 should govern in this instance. However, even if excluding the first day (the 27th) and including the last day (the 11th), the Notice was not filed until the 14th – which is outside the 15 day limit.

{¶ 18} We agree with the common pleas court. The first day after appellee's December 27, 2018 mailing was Friday, December 28, 2018. R.C. 1.14. We calculated the 15-day period from December 28, 2018, and determined appellant had until Friday, January 11, 2019, in which to perfect her R.C. 119.12 appeal by filing the notice with both appellee and the clerk of common pleas. *Id.*; *Monica v. Dept. of Educ.*, 6th Dist. Lucas No. L-88-195, 1989 WL 29844, *4 (Mar. 31, 1989). Appellant incorrectly argues the 15-day period began on Saturday, December 29, 2018, and ended on Saturday, January 12, 2019, making Monday, January 14, 2019, the next day the court was open for business. We find no support in the statute for appellant's argument that, "It is clear from the court's judgment entry that it used the wrong starting point in its application of R.C. 1.14. If the court would have excluded December 28, 201[8], the first day 'after' the mailing * * *." According to the record in this matter, the first day excluded under R.C. 1.14 was December 27, 2018, not December 28.

{¶ 19} The record shows the earliest date appellant argues she filed her notice of appeal with appellee and the clerk of common pleas was Monday, January 14, 2019. However, Friday, January 11, 2019, was the last day she could file to perfect her appeal,

9.

and nothing in the record indicates the common pleas court was closed on January 11. Appellant's failure to strictly comply with the statute and file the required notice of appeal by January 11, 2019, deprived the common pleas court with subject-matter jurisdiction over the appeal she eventually filed with the required recipients on January 14, January 16, and, nunc pro tunc, February 15, 2019. *Nibert v. Ohio Dept. of Rehab. & Corr.*, 84 Ohio St.3d 100, 702 N.E.2d 70 (1998), syllabus.

## B. Grounds for Appeal

{¶ 20} The common pleas court's March 12, 2019 judgment entry states, "The untimely filing being dispositive, the court does not address the lack of 'magic words' argument, or the failure to give Notice to the Appellee within the 15 day period." Appellee argues the lack of "magic words" in appellant's notice of appeal is additional evidence of the common pleas court's lack of subject-matter jurisdiction. We agree.

{¶ 21} While the common pleas court correctly states untimely filing of the appeal was dispositive, even if appellant had timely filed her notice of appeal with the required recipients, we find she also did not strictly comply with the statute for stating the grounds for her appeal that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. According to R.C. 119.12(D):

> Any party desiring to appeal shall file a notice of appeal * * * stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. * * * The notice of appeal may, but need not, set forth the specific grounds of the party's

10.

appeal beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law.

{¶ 22} Not surprisingly, the Ohio Supreme Court interprets R.C. 119.12(D) for appellant's strict compliance for stating the grounds of appeal. *Medcorp*, 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125, at ¶ 20 (interpreting R.C. 119.12(D) then in effect for the required level of specificity of the grounds for appeal appearing in the notice of appeal).

{¶ 23} Since the Ohio Supreme Court decided *Medcorp*, the General Assembly amended R.C. 119.12(D) to "relax" the specific requirements. However, the minimum requirement remains, even if appellant no longer must provide any further support for that statement. *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731, 939 N.E.2d 1302, ¶ 15 (10th Dist.). "The recent amendments to R.C. 119.12 do not alter the necessity for strict adherence to the statutory requirements to invoke the trial court's jurisdiction over an administrative appeal." *Id.*

{¶ 24} Since the statute clearly requires nothing "beyond the statement that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law," that is the minimum required. R.C. 119.12(D). We reviewed the December 27, 2018 adjudication order in the record and find appellee notified appellant of the minimum requirements of R.C. 119.12(D). We reviewed appellant's notice of appeal in the record and find it fails to meet the minimum requirements.

11.

**{¶ 25}** We find appellant failed to strictly comply with R.C. 119.12(D) when she failed to state in her notice of appeal that appellee's adjudication order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. Even if appellant had timely filed her notice of appeal, the content of the notice deprived the common pleas court with subject-matter jurisdiction over the appeal.

### III. Conclusion

**{¶ 26}** We reviewed the entire record de novo and do not find the common pleas court erred when it granted appellee's motion to dismiss the administrative appeal for lack of subject matter jurisdiction.

**{¶ 27}** Appellant's assignment of error is not well-taken.

**{¶ 28}** On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                                   _____
JUDGE

Christine E. Mayle, P.J.

_____
JUDGE

Gene A. Zmuda, J.

CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.