20

NUCORP, INC., ET AL., APPELLEES, *v.* MONTGOMERY COUNTY BOARD OF REVISION ET AL., APPELLANTS.

(No. 80-370—Decided November 19, 1980.)

*Messrs. Arter & Hadden, Mr. Jacob I. Rosenbaum* and *Mr. Curtiss L. Isler,* for appellee Nucorp, Inc.

*Mr. Lee C. Falke,* prosecuting attorney, and *Mr. Terence L. Fague,* for appellants.

*Per Curiam.* The issue presented is whether failure to comply with the 45-day requirement contained on DTE Form 1 for the filing of supplemental information is a jurisdictional defect.

While this court has never spoken directly to this issue, it has held that BTA Form 1, the predecessor to DTE Form 1, " * * * represents a lawful interpretation of the minimal, data requirements of R. C. 5715.19 and 5715.13," *Stanjim Co.* v. *Bd. of Revision* (1974), 38 Ohio St. 2d 233, 236. Such form had to be fully completed by any taxpayer who desired to have the assessed value of property reduced, and failure to do so was jurisdictional. *Stanjim, supra; Griffith* v. *Bd. of Revision* (1975), 44 Ohio St. 2d 225.

Based on these two cases, the Court of Appeals for Cuyahoga County, in an unreported decision, has held that failure to file the supplemental information within the 45-day period is a proper ground for dismissal of a complaint. *Levine* v. *Cuyahoga Co. Bd. of Revision,* No. 35292 (Nov. 18, 1976).

The Court of Appeals for Franklin County views the supplemental information as a filing made subsequent to the filing of the complaint, and, therefore, non-jurisdictional in nature. That court stated in an unreported decision, *Griswold Realty, Inc.,* v. *Bd. of Revision of Franklin County,* No. 78 AP-452 (Feb. 22, 1979), as follows:

"The jurisdictional requirements of R. C. 5715.13 and 5715.19 were fully met by Griswold Realty in the filing of its complaint on Form 1. Filings required to be made subsequent to the filing of the complaint, invoking jurisdiction, do not divest the Board of Revision of jurisdiction, even though they may, under proper circumstances, be grounds for dismissal of the complaint for failure to comply with procedural requirements during the proceedings. * * * The filing of Form 1A [requiring supplemental information], although a procedural requirement, is not a jurisdictional requirement. Rather, jurisdiction is invoked by compliance with the statutory requirements, which is met by the filing of Form 1. Any subsequent procedural requirements, even if mandatory, are not jurisdictional in nature, even if they may justify dismissal of the complaint."

In the cause *sub judice,* the Board of Tax Appeals opted

for the reasoning of the Franklin County appellate court and ordered reinstatement of the taxpayer's complaint. This court agrees.

While this court has never encouraged or condoned disregard of procedural schemes logically attendant to the pursuit of a substantive legal right, it has also been unwilling to find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated, which tend to deprive a supplicant of a fair review of his complaint on the merits.

The decision of the Board of Tax Appeals being neither unreasonable nor unlawful is affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.