DECISION
Appellant, Wilburn Industries, Inc., appeals from a decision of the Franklin County Court of Common Pleas affirming a decision of the Franklin County Board of Revision increasing the record real estate tax value of appellant's property by $68,000. The facts giving rise to this appeal are set forth below.
On July 1, 1996, appellant purchased several apartments located on North Star Road in Upper Arlington, Ohio. Appellant paid a total purchase price of $210,000 to acquire that property. On March 20, 1997, the Upper Arlington Board of Education ("Board of Education") filed a complaint with the Franklin County Board of Revision ("Board of Revision"), in which it asserted that appellant's property was undervalued for tax purposes. In its complaint, the Board of Education prayed that the record tax value of appellant's property be increased from $142,000 to $210,000.
On April 30, 1997, the Franklin County Auditor sent notice of the filing of the Board of Education's complaint to appellant by certified mail. On or about May 5, 1997, the auditor received notice from postal authorities that appellant had failed to claim its certified mail. Upon receipt, the auditor opened the returned envelope, stamped "May 05, 1997" above the original mailing date of April 30, 1997, and re-mailed the notice, again, by certified mail. The second mailing was claimed by Josette Wilburn on May 8, 1997.
On June 5, 1997, appellant filed a counter-complaint with the Board of Revision asserting that the value of the North Star Road property should not be increased. On November 10, 1997, the auditor notified appellant of the date and time of the hearing in regard to its property. That hearing was held on December 9, 1997. On March 9, 1998, the Board of Revision issued a decision in which it increased the property tax value of appellant's property by $68,000 to $210,000.
Appellant appealed the Board of Revision's decision to the Franklin County Court of Common Pleas. On appeal, appellant argued that the Board of Revision lacked jurisdiction to re-value the North Star Road property as the second mailing was posted five days later than the last day permitted by statute. On January 14, 1999, the trial court issued a decision in which it found that appellant had been provided with sufficient notice of the Board of Education's complaint. Accordingly, the court upheld the Board of Revision's decision. Appellant now raises the following assignment of error:
 THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED IN FAILING TO FIND IN ITS DECISION ISSUED JANUARY 14, 1999, OR IN ITS JUDGMENT ENTRY OF FEBRUARY 1, 1999, THAT THE FRANKLIN COUNTY BOARD OF REVISION LACKED JURISDICTION WHEN IT FAILED TO GIVE TIMELY NOTICE OF THE FILING OF A COMPLAINT TO APPELLANT TAXPAYER-LANDOWNER AS REQUIRED BY OHIO REVISED CODE SECTION 5715.19.
R.C. 5715.19(B) provides:
 Within thirty days after the last date such complaints may be filed, the auditor shall give notice of each complaint in which the stated amount of overvaluation, undervaluation, discriminatory valuation, illegal valuation, or incorrect determination is at least seventeen thousand five hundred dollars to each property owner whose property is the subject of the complaint, if the complaint was not filed by the owner or the owner's spouse, and to each board of education whose school district may be affected by the complaint. * * *
As set forth in R.C. 5715.19, the auditor must give notice of the filing of a complaint within thirty days of the last date on which such complaints may be filed. Pursuant to R.C.5715.19(A) (1) (e), complaints may be filed as late as March 31 of the current tax year for all valuations affecting the preceding tax year. Thus, April 30, 1997, was the last date on which the auditor was permitted to give notice to appellant of the filing of the Board of Education's complaint for undervaluation.
In this case, appellant argues that the auditor failed to give timely notice of the Board of Education's complaint and, allegedly, thereby failed to invoke the jurisdiction of the Board of Revision. Appellant's argument, however, wholly misses the point.
As noted, the auditor was required to give appellant notice no later than April 30, 1997. Indeed, this is precisely what the auditor did. The auditor gave notice to appellant of the filing of the Board of Education's complaint on April 30, 1997. The fact that appellant did not claim its notice until May 8, 1997, is not relevant or determinative of the Board of Revision's jurisdiction. R.C. 5715.19(B) says nothing about the date on which the notice is received. See NuCorp, Inc. v. Montgomery Cty.Bd. of Revision (1980), 64 Ohio St.2d 20, holding that the jurisdiction of a board of revision is invoked by the filing of a property valuation complaint. The statute also says nothing in regard to the situation where the notified party fails to claim its certified mail, or the situation where the auditor re-mails returned or unclaimed notices. As the statute only speaks to notice by the auditor, not actual notice and not service of notice, we decline to read R.C. 5715.19 in such a manner as that argued by appellant, as to do so would frustrate the purpose of the statute by creating a disincentive for the auditor to make any attempt to re-mail notices which were either deliberately or unintentionally unclaimed or refused. Because there is no question that the auditor mailed notice to appellant of the filing of the Board of Education's complaint within the statutory time period, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.