[Cite as *Univ. Hosps. Health Sys., Inc. v. Cuyahoga Cty. Bd. of Revision*, 2013-Ohio-1665.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98783**

## UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.

PLAINTIFF-APPELLANT

vs.

## CUYAHOGA COUNTY BOARD OF REVISION, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
REVERSED AND REMANDED

Administrative Appeal from the
Board of Tax Appeals
Case No. 2012-A-116

**BEFORE:** Stewart, A.J., Boyle, J., and Kilbane, J.
**RELEASED AND JOURNALIZED:** April 25, 2013

**ATTORNEYS FOR APPELLANT**

Lawrence Lindberg
Karl Fanter
Baker & Hostetler, L.L.P.
3200 PNC Center
1900 East Ninth Street
Cleveland, OH   44114


**ATTORNEYS FOR APPELLEE CUYAHOGA COUNTY BOARD OF REVISION**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Mark R. Greenfield
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE BOARD OF EDUCATION OF THE WARRENSVILLE HEIGHTS CITY SCHOOL DISTRICT**

Thomas A. Kondzer
John P. Desimone
Michael T. Schroth
Kolick & Kondzer
24650 Center Ridge Road, Suite 110
Westlake, OH   44145


**FOR BOARD OF TAX APPEALS**

Joseph W. Testa
Tax Commissioner
Ohio Department of Taxation
4485 Northland Ridge Boulevard
Columbus, OH   43229

MELODY J. STEWART, A.J.:

{¶1} Appellant University Hospitals Health Systems, Inc. filed a valuation complaint with the Cuyahoga County Board of Revision, seeking a downward valuation of property it owned located in the village of Orange. The Warrensville Heights Board of Education appeared and filed a motion to dismiss the complaint because it had been filed in the name of "University Hospital," and not in the true legal name of "University Hospitals Health System, Inc." The board of revision dismissed the complaint on authority of *Buckeye Foods v. Cuyahoga Bd. of Revision*, 78 Ohio St.3d 459, 461, 1997-Ohio-199, 678 N.E.2d 917, finding the complaint's use of an unregistered, fictitious name barred standing. The Ohio Board of Tax Appeals (the "board") affirmed on different grounds, finding that a complainant's name went to the "core of procedural efficiency." Although the board eschewed a bright-line test as to what constitutes a properly identified owner on a complaint, it found that the name "University Hospital" was more than a minor variation of "University Hospitals Health Systems, Inc." and that it did not properly indicate the entity holding legal title to the property, thus justifying the board of revision's decision to dismiss the complaint. The sole assignment of error contests this ruling.

{¶2} R.C. 5715.19(A)(1) provides that "any person," including corporations, owning taxable real property in the county or in a taxing district with territory in the county can file a complaint regarding any determination affecting any real property in the county. Nevertheless, there are certain jurisdictional prerequisites a party needs to

establish before filing a complaint, including proof that the party is, in fact, an entity entitled to file a valuation complaint. This is important because "R.C. 5715.13 directs that a board of revision not 'decrease any valuation' unless a party who is authorized by R.C. 5715.19(A) to do so files the complaint." *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 124 Ohio St.3d 490, 2010-Ohio-253, 924 N.E.2d 345, ¶ 10, quoting *Middleton v. Cuyahoga Cty. Bd. of Revision*, 74 Ohio St.3d 226, 227-228, 658 N.E.2d 267 (1996). "Full compliance with R.C. 5715.19 and 5715.13 is necessary before a county board of revision is empowered to act on the merits of a claim." *Stanjim Co. v. Mahoning Cty. Bd. of Revision*, 38 Ohio St.2d 233, 235, 313 N.E.2d 14 (1974).

{¶3} Nevertheless, the omission of a required element of the complaint will not necessarily result in the dismissal of a complaint. Not only must there be an omission from the complaint, but that omission must go to the "core of procedural efficiency." *Cleveland Elec. Illum. Co. v. Lake Cty. Bd. of Revision*, 80 Ohio St.3d 591, 596, 687 N.E.2d 723 (1998). "[A] statutory requirement [is] mandatory and hence jurisdictional when the requirement is (1) imposed on the appellant itself and (2) relates to the informative content of the document by which the administrative proceeding is instigated." *Shinkle v. Ashtabula Cty. Bd. of Revision*, Slip Opinion No. 2013-Ohio-397, ¶ 19, citing *Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 126-127, 84 N.E.2d 746 (1949). While the Supreme Court has never "encouraged or condoned disregard for procedural schemes logically attendant to the pursuit of a substantive legal right, it has been unwilling to find or enforce jurisdictional barriers not clearly statutorily or

constitutionally mandated, which tend to deprive a supplicant of a fair review of his complaint on the merits." *Nucorp, Inc. v. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980).

{¶4} In its opinion in this case, the board acknowledged that it does not necessarily consider the complainant's name to be an inviolable component of the core of procedural efficiency:

> "[W]e have never adopted a 'bright line' test as to what constitutes a properly identified owner on a complaint, and have avoided raising jurisdictional barriers in instances of minor differences in an owner's actual name versus the name listed on a complaint." *Paul Grammas Family L.P. v. Clermont Cty. Bd. of Revision* (Interim Order, Feb. 27, 2004), BTA No. 2003-T-905, 2004 Ohio Tax LEXIS 364 at *8, unreported, at 6. However, this board has also determined that some degree of specificity is required. *See, e.g.*, *Lakeside Place, Inc. v. Cuyahoga Cty. Bd. of Revision* (Mar. 29, 2011), BTA Nos. 2008-K-2286, 2295, 2011 Ohio Tax LEXIS 601, unreported; *Jacobs West St. Clair L.P. v. Cuyahoga Cty. Bd. of Revision* (Nov. 5, 2004), BTA No. 2003-T-609, 2004 Ohio Tax LEXIS 1716, unreported, wherein the board decided that failure to properly identify the corporate ending in a corporate owner's name on line one of a real property tax complaint renders such complaint jurisdictionally invalid, as each ending contemplates a different legal entity.

*Univ. Hosps. Health Sys. v. Cuyahoga Cty. Bd. of Revision*, BTA No. 2012-A-116, 2012 Ohio Tax LEXIS 3399 (July 11, 2012), at 5-6.

{¶5} The board's refusal to set forth a bright-line test has resulted in decisions inconsistent with the one it issued in this case. Notably, in *Cleveland Mun. School Dist. Bd. of Edn. v. Cuyahoga Cty. Bd. of Revision*, BTA Nos. 1999-M-1348, et seq., 2001 Ohio Tax LEXIS 1031 (June 15, 2001), the board found no jurisdictional defect in a complaint filed in the name of "Sherwin Williams Company" instead of the correct name,

"Sherwin Williams Development Corporation." And in *Automatic Data Processing Community Urban Redevelopment Corp. v. Hamilton Cty. Bd. of Revision*, BTA Nos. 2003-J-87, et seq., 2004 Ohio Tax LEXIS 1110 (July 23, 2004), the board found no jurisdictional defect in a complaint listing "Automatic Data Processing" instead of "Automatic Data Processing Community Urban Redevelopment Corporation."

{¶6} We see no significant difference between this case and the two scenarios noted above. And like Sherwin Williams, University Hospitals Health System, Inc. is one of the largest private employers in Cuyahoga County. Its use of the name "University Hospital" in branding and advertising is ubiquitous in Cuyahoga County. While there may be other hospitals in this state using the name "University" hospital, none are located in Cuyahoga County and it would be irrational to conclude so as an initial step in determining the identity of the complainant in this case.

{¶7} In reaching this decision, we note that the board appeared to decide this case counter to its own stated rationale. In its opinion, it stated that one of the purposes in requiring a complainant to correctly identify the owner on a complaint against the valuation of real property was to assist the boards of revision in ensuring that statutory notice is given to the entity holding title to the property. *Automatic Data* at 4-5. Yet there is no question that University Hospitals Health System, Inc. filed a complaint on its own behalf. It plainly had notice of its own actions. And as we previously noted, the name "University Hospitals," like "Sherwin Williams," is a well-known company name in Cuyahoga County and hardly capable of confusion with any other entity.

**{¶8}** For similar reasons, the second purpose stated by the board — the need for determining who the complainant is and whether the complainant has standing to file the complaint — was likewise not served by the board's decision. As the board noted, it has refused to apply a bright-line test for determining what constitutes a properly identified owner on a complaint. By making this statement, it implicitly recognized that the name of a party does not necessarily go to the core of procedural efficiency. Tellingly, this was not the first case filed with the board of revision by University Hospitals Health System, Inc. At the time this complaint was filed, University Hospitals Health System, Inc. had another case pending concerning the valuation of a different property. As in this case, the Warrensville Heights Board of Education challenged the complaint. With the same parties involved (even the same counsel) in continuing litigation, it is difficult to understand how the board could conclude that the present complaint could make it difficult to determine the complainant's identity.

**{¶9}** We conclude that the board's decision was unsupported by its own reasoning and served only to "deprive a supplicant of a fair review of [its] complaint on the merits." *Nucorp*, 64 Ohio St.2d at 22. While precision in a complaint is always preferred and one's legal counsel should be keenly aware of the ramifications for lack of precision, the use of the name "University Hospital," in this county, could rationally refer only to University Hospitals Health System, Inc. The complaint was therefore consistent with the core of procedural efficiency and should not have been dismissed.

**{¶10}** This cause is reversed and remanded to the Board of Tax Appeals for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellees its costs herein taxed

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Board of Tax Appeals to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., CONCURS;

MARY EILEEN KILBANE, J., DISSENTS WITH
SEPARATE OPINION

MARY EILEEN KILBANE, J., DISSENTING:

**{¶11}** I respectfully dissent.  I would affirm the board's decision dismissing the valuation complaint filed by University Hospitals Health System, Inc.

**{¶12}** Here, there is no dispute that University Hospitals Health System, Inc. named "University Hospital" as the owner of the property on the tax complaint. However, "University Hospital" is not the legal owner of the property, nor is it a legal entity.  Rather, "University Hospital" is a fictitious entity.  In the response filed by the

Warrensville Heights Board of Education with the board of revision, which was admitted into the record, it noted that there are 12 entities whose names include the words "University Hospital" registered with the Ohio Secretary of State. For example, "University Hospital, Inc." is a corporation located in Cincinnati, which appears to be affiliated with the University of Cincinnati Hospital. An additional search of records revealed 104 entities with the words "University Hospitals."

{¶13} In *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 2000-Ohio-452, 721 N.E.2d 40, the Ohio Supreme Court cited several statutory provisions intended to ensure that proper notice is provided to property owners in tax valuation contests before county boards of revision. *Id.* at 365 (where the court cited to R.C. 5715.19(B), R.C. 5715.19(C), R.C. 5715.12, and R.C. 5715.20.) It is essential that the owner of the property be correctly identified in order to ensure that the requisite notice is provided. Furthermore, the "complainant [must] be an entity that has legal capacity." *Buckeye Foods*, 78 Ohio St.3d at 461, 678 N.E.2d 917. This is because "[a] person places himself in a precarious position when he operates under a fictitious name. A person doing business under an unregistered, fictitious name lacks the legal capacity to sue." (Citations omitted.) *Id.*

{¶14} In its opinion affirming the board of revision's decision to dismiss the complaint, the tax appeals board stated:

> Requiring a complainant to correctly identify the owner on line 1 of a complaint serves two distinct and important purposes. First, it assists boards of revision in ensuring the statutorily required notice is given to the entity holding title to the property. * * * [T]he only manner by which a

board of revision is placed on notice regarding the identity of the owner is through disclosure made by the complaint.  * * *

Second, accurately naming a property owner on line 1 of a complaint is also necessary for determining who the complainant is and whether such complainant has standing to file the complaint in question.  In *Bd. of Edn. of the Mt. Vernon City Schools v. Knox Cty. Bd. of Revision* (Mar. 16, 2010), BTA No. 2009-K-2876, this board discussed the impact of such information:

It is not the responsibility of a county board of revision to review material and attempt to discern a complainant's intent.  Cf. *Columbia Toledo Corp. v. Lucas Cty. Bd. of Revision*, 976 Ohio St.3d 361, 1996-Ohio-383, 667 N.E.2d 1180. The information elicited by the complaint form allows the county board of revision to determine who the owner and complainant are and, if these entities are different, whether notice of such filing must be issued pursuant to R.C. 5715.19(B).  Appellant's failure to accurately identify the owner, particularly when it must be inferred that the owner and the complainant are identical, renders the present complaint deficient.  *Id.* at 4.

The board concluded:

the omission in the listing of the owner's name on the instant complaint to be more than minor; "University Hospital" did not own the subject property at the time the complaint was filed and, as such, it was not properly listed as the property owner on line 1 of the subject complaint.[2]

* * *

[fn. 2] It should also be acknowledged that the BOE has disclosed through its responses that there are other entities doing business in Ohio which have registered with the Ohio Secretary of State whose names contain some reference to "University Hospital(s)."  *See* Appellee's 1st Response, Ex.B. *See*, *also*, *Buckeye Foods*[.]

{¶15} The majority, in addressing the board's conclusion that the owner listed on the present complaint made it difficult to determine the complainant's identity, refers to a prior tax complaint filed by University Hospitals Health System, Inc. involving the same

parties and counsel. While the same parties and counsel are involved, there is a significant difference between the previous complaint and the complaint in the instant case. In the prior case, University Hospitals Health System, Inc. named "University Hospitals Health System, Inc." as the owner of the property, whereas in the instant case, it named "University Hospital" as the owner of the property. Unlike the instant complaint, the prior complaint properly listed the property owner and was filed by the proper legal entity with the capacity to sue.

{¶16} Therefore, based on the foregoing, I would find that the valuation complaint was properly dismissed.