[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re LMD Integrated Logistic Servs., Inc.,* Slip Opinion No. 2018-Ohio-3859.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-3859

IN RE LMD INTEGRATED LOGISTIC SERVICES, INC., NOTICE OF APPARENT VIOLATION AND INTENT TO ASSESS FORFEITURE; PUBLIC UTILITIES COMMISSION OF OHIO, APPELLANT; LMD INTEGRATED LOGISTIC SERVICES, INC., APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re LMD Integrated Logistic Servs., Inc.,* Slip Opinion No. 2018-Ohio-3859.]

*Public utilities—Motor carrier's appeal from civil-forfeiture order of Public Utilities Commission—Denial of commission's motion to dismiss for lack of jurisdiction affirmed even though motor carrier did not file notice of appeal with commission but, rather, filed notice of appeal in Tenth District Court of Appeals and served commissioner.*

(No. 2016-1442—Submitted April 10, 2018—Decided September 26, 2018.)

APPEAL from the Franklin County Court of Appeals, Tenth Appellate District, No. 2015-AP-545.

_____

**O'DONNELL, J.**

{¶ 1} The Public Utilities Commission of Ohio appeals from a decision of the Tenth District Court of Appeals denying its motion to dismiss LMD Integrated Logistic Services, Inc.'s appeal from a civil forfeiture order. The commission argues that LMD's appeal should be dismissed because LMD did not *file* its notice of appeal with the commission but, rather, filed its appeal with the Tenth District and *served* one of the members of the commission. This appeal concerns the proper procedure to follow in invoking the jurisdiction of the appellate court from a R.C. 4923.99 PUCO civil forfeiture order.

{¶ 2} A party appealing an order of the PUCO pursuant to R.C. 4923.99 is not required to file a notice of appeal with the commission to invoke the jurisdiction of the appellate court. LMD initiated its appeal by filing its notice of appeal with the Tenth District Court of Appeals and served a copy of that notice on a member of the commission in accordance with R.C. 4923.99(D). The appellate court ruled its jurisdiction had been properly invoked, and we affirm that judgment.

**History**

{¶ 3} Pursuant to R.C. Chapters 4921 and 4923 and Ohio Adm. Code 4901:2-5-02(A), the commission regulates, among other things, the transportation of persons and property by motor vehicle in Ohio. In connection with that regulation, the commission has adopted certain federal safety standards governing motor carriers engaged in interstate commerce, *see* R.C. 4923.04(A)(1); Ohio Adm.Code 4901:2-5-03, and R.C. 4923.99 authorizes the commission to assess a civil forfeiture against any person who violates these motor carrier regulations.

**Facts and Posture of the Case**

{¶ 4} On January 8, 2014, motor carrier enforcement inspectors for the Ohio State Highway Patrol inspected a commercial vehicle operated by LMD and cited LMD for transporting a hazardous chemical without the required poison inhalation hazard warning on its shipping papers in violation of 49 C.F.R. 172.823(a) and

177.817(a). *See* Ohio Adm.Code 4901:2-5-02 and 4901:2-5-03(A) (adopting 49 C.F.R. 171 through 180 and charging the commission with their enforcement).

{¶ 5} LMD challenged the violation. After an administrative hearing, the commission found sufficient evidence to support the violation, issued a $1,680 civil forfeiture against LMD, and denied LMD's request for rehearing.

{¶ 6} On June 2, 2015, LMD filed a notice of appeal with the clerk of the Tenth District Court of Appeals and served a copy of the notice of appeal on a member of the commission.

{¶ 7} The commission moved to dismiss the appeal for lack of jurisdiction because LMD did not file its notice of appeal with the commission's docketing division, which it claims is required by R.C. 4903.13, 4923.99(C) and (D), and the regulations implementing the statutes.

{¶ 8} In a 2-1 memorandum decision, the appellate court denied the motion and concluded that R.C. 4923.99 does not require that the notice of appeal be *filed* with the commission, but only *served* on either the chairperson of the commission or another commissioner or by leaving a copy at the commission's Columbus office. The appellate court determined that LMD had properly invoked its jurisdiction because LMD had timely filed the notice of appeal with the court of appeals and served its notice of appeal on a member of the commission.

{¶ 9} The dissenting jurist asserted that R.C. 4923.99(C) and (D), read together with App.R. 3(A), R.C. 2505.04, and other "pertinent commission regulations," required LMD to file its notice of appeal with the commission's docketing division in order to invoke appellate jurisdiction. 10th Dist. Franklin No. 15AP-545, ¶ 5, 8-11 (Sept. 15, 2015) (Sadler, J. dissenting).

{¶ 10} In a separate, subsequent opinion, the court of appeals unanimously reversed the commission's finding that LMD had violated a hazardous material regulation, but that matter has not been appealed and is not before us.

**{¶ 11}** The PUCO appealed and presented one proposition of law for our review: "To perfect an appeal of an order of the Public Utilities Commission of Ohio under R.C. 4923.99, an appellant must file a notice of appeal with the Commission." *See* 149 Ohio St.3d 1405, 2017-Ohio-2822, 74 N.E.3d 464.

### Claims of the PUCO

**{¶ 12}** The PUCO advances three bases to reverse the decision of the appellate court. It first contends that the plain language of R.C. 4923.99(D) and the regulations implementing the statute provide that to perfect an R.C. Chapter 4123 appeal from a commission order, the appealing party must file the notice of appeal with the commission's docketing division and serve a copy of the notice "upon the chairperson of the commission or, in the event of the chairperson's absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus." R.C. 4923.99(D). It next urges that the reference in R.C. 4923.99(C) to R.C. Chapter 4903 requires the filing of a notice of appeal with the commission because R.C. 4903.13 provides that "[t]he proceeding to obtain * * * reversal, vacation, or modification shall be by notice of appeal, filed with the public utilities commission." Finally, it asserts that references to the Rules of Appellate Procedure and R.C. Chapter 2505 in the last sentence of R.C. 4923.99(C) require the appealing party to file a notice of appeal with the commission, because App.R. 3(A) provides that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court" and the commission asserts that it "effectively act[s] as the trial court" in administrative appeals pursuant to R.C. 2505.03(B).

### LMD's Contentions

**{¶ 13}** Contrariwise, LMD maintains that it is not necessary for a party appealing a PUCO order issued pursuant to R.C. 4923.99 to file a notice of appeal with the commission. It contends that it perfected its appeal when it timely filed its notice of appeal with the Tenth District Court of Appeals and served a copy of the

notice of appeal on a member of the commission. Alternatively, LMD suggests that even if R.C. 4923.99 required the notice of appeal to be filed with the commission, this court should still conclude that it perfected its appeal because caselaw allows that a "filing" for purposes of R.C. 2505.04 can be made through service by the clerk on the administrative agency. It also urges that if we construe R.C. 4923.99(D) as imposing a requirement to file with the commission's docketing division, we should hold that LMD perfected its appeal to the Tenth District based on its substantial compliance with the other requirements of the statute.

### Law and Analysis

{¶ 14} R.C. 4923.99(C) vests the Tenth District Court of Appeals with "exclusive, original jurisdiction to review, modify, or vacate an order of the commission issued to secure compliance with any provision of Chapters 4921 and 4923 of the Revised Code."

{¶ 15} And R.C. 4923.99(D) sets forth the specific statutory procedure to contest a compliance order, a violation, or the amount of a forfeiture, including the violation and civil forfeiture order at issue in this case:

> Any person to whom any such order is issued who wishes to contest a compliance order, the fact of the violation, or the amount of the forfeiture *shall file a notice of appeal*, setting forth the order appealed from and the errors complained of * * * . *The notice of appeal shall be served*, unless waived, upon the chairperson of the commission or, in the event of the chairperson's absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus.

(Emphasis added.)

**{¶ 16}** The foregoing statute does not specify *where* the notice of appeal is to be *filed*; it does, however, expressly specify that the notice of appeal be *served* on the commission chairperson or another commissioner or by leaving a copy at the commission's Columbus office. If the legislature had intended to require that the notice of appeal be filed with the commission, it could have specified that in the legislation. We also know that the General Assembly understands how to express its intent in this regard because in R.C. 4903.13, which governs the procedure for perfecting appeals from a final order of the PUCO to this court, it provided: "The proceeding to obtain * * * reversal, vacation, or modification [of a final order made by the commission] shall be by notice of appeal, *filed with the public utilities commission* * * *." (Emphasis added.)

**{¶ 17}** The General Assembly did not use such language in R.C. 4923.99(D) and thereby expressed a different intent. Further, this court is " 'unwilling to find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated, which tend to deprive a supplicant of a fair review of his complaint on the merits.' " (Emphasis deleted.) *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 14, quoting *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980).

**{¶ 18}** We have long held that the purpose of a notice of appeal is to inform the opposing party when an appeal is taken. *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 29, citing *Maritime Mfrs., Inc. v. Hi-Skipper Marina*, 70 Ohio St.2d 257, 259, 436 N.E.2d 1034 (1982); *Couk v. Ocean Acc. & Guar. Corp.*, 138 Ohio St. 110, 116, 33 N.E.2d 9 (1941); *see also Wells v. Chrysler Corp.*, 15 Ohio St.3d 21, 24, 472 N.E.2d 331 (1984) (holding that the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming).

{¶ 19} Here, LMD filed its notice of appeal with the clerk of the Tenth District Court of Appeals and served a copy of the notice on a member of the commission as required by R.C. 4923.99(D).

{¶ 20} The contentions advanced by the PUCO are unpersuasive. Its suggestion that regulations implementing the statute require an appealing party to file a notice of appeal with its "docketing division" is not well taken because nowhere in the statute is any reference to its docketing division; rather, the only reference speaks to serving a copy of the notice of appeal on the commission chairperson or another commissioner or by leaving a copy at the commission's Columbus office. Thus, we reject that position.

{¶ 21} Next, it contends that a reference contained in R.C. 4923.99(C) to R.C. Chapter 4903 requires that the notice of appeal be filed with the commission. This contention is likewise not well taken because R.C. 4903.13 refers to an appeal from the PUCO to the Supreme Court of Ohio, not to an appeal from the commission to the court of appeals. This is because R.C. 4923.99(C) provides that the court of appeals has exclusive, original jurisdiction over all appeals pursuant to R.C. Chapters 4921 and 4923. And the PUCO further misreads the directive contained in R.C. 4903.13 providing that a "proceeding to obtain * * * reversal, vacation, or modification shall be by notice of appeal, filed with the public utilities commission" because that directive pertains only to appeals taken to the Supreme Court of Ohio, not to those taken to the court of appeals. Accordingly, we reject this argument.

{¶ 22} The commission finally asserts that the references in R.C. 4923.99(C) to R.C. Chapters 4903 and 2505 and the Rules of Appellate Procedure require that the notice of appeal be filed with the PUCO. That allegation, however, is misguided.

{¶ 23} The specific statutory directive contained in R.C. 4923.99(D) is controlling and directs that a copy of a notice of appeal be *served* on the chairperson

of the commission or another commissioner or by leaving it at the commission's Columbus office. The commission's view that a party must both file with the commission and serve the commission is duplicative and unnecessarily reiterative.

{¶ 24} By following such a procedure, an appellant would both file its appeal with the commission and serve the commission, but never notify the tribunal to which the appeal is taken. Such a procedure would duplicate notice to the commission but never alert the hearing tribunal of the appeal, and hence the appellate tribunal would never be aware of the commission's filing and theoretically never docket or schedule the case for hearing, thereby defying practical workability. We therefore reject this argument.

{¶ 25} The PUCO's further argument that R.C. 4923.99 somehow incorporates by reference the procedural requirements of R.C. Chapters 4903 and 2505 is contrary to the plain language of R.C. 4923.99(D) because that statute specifically directs the manner of service of a notice of appeal and neither refers to R.C. Chapter 2505 nor requires that a notice of appeal be *filed* with the commission or its docketing division.

{¶ 26} Nor is the commission's claim that it acts as the trial court in an administrative proceeding well taken because the legislature has explicitly directed that a notice of appeal be *served* on the chairperson of the commission or another commissioner or by leaving it at the commission's Columbus office. Notably, the General Assembly has never directed that a notice of appeal be *filed* with any of these parties. Accordingly, we reject these arguments.

### Prospective Application

{¶ 27} This court has discretion to apply a decision only prospectively after considering "(1) whether the decision establishes a new principle of law that was not foreshadowed in prior decisions, (2) whether retroactive application of the decision promotes or retards the purpose behind the rule defined in the decision, and (3) whether retroactive application of the decision causes an inequitable result."

8

*DiCenzo v. A-Best Prods. Co., Inc.*, 120 Ohio St.3d 149, 2008-Ohio-5327, 897 N.E.2d 132, paragraph two of the syllabus (adopting and applying *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971)).

{¶ 28} Here, we are considering a matter of first impression—the proper procedure for filing an appeal from a R.C. 4923.99 PUCO civil forfeiture order. That fact favors prospective-only application of our decision.

{¶ 29} Next, application of our decision prospectively will establish a procedural guide for perfecting R.C. 4923.99 appeals to the benefit of lawyers, litigants, members of the commission, and jurists.

{¶ 30} And finally, prospective-only application will avoid the inequitable result of prejudice to a party with a pending appeal who had filed a notice of appeal with the commission.

{¶ 31} Accordingly, we apply today's decision prospectively.

**Conclusion**

{¶ 32} To perfect a R.C. 4923.99 appeal from a civil forfeiture order of the Public Utilities Commission of Ohio, a notice of appeal should be filed with the Tenth District Court of Appeals and in accordance with the statute, served on the chairperson of the commission or another commissioner or by leaving it at the commission's Columbus office.

{¶ 33} In this case, LMD filed its appeal with the Tenth District Court of Appeals and served a commissioner in accordance with the requirement of R.C. 4923.99(D). Therefore, we affirm the judgment of the appellate court.

Judgment affirmed.

FRENCH, and FISCHER, JJ., concur.

DEWINE, J., concurs in judgment only, with an opinion joined by O'CONNOR, C.J., and DEGENARO, J.

KENNEDY, J., dissents, with an opinion.

_____

**DEWINE, J., concurring in judgment only.**

{¶ 34} I would hold that because LMD Integrated Logistic Services, Inc., satisfied the jurisdictional requirements for appeal set forth in R.C. 4923.99(D), the court of appeals correctly denied the Public Utilities Commission's motion to dismiss.

{¶ 35} The Tenth District Court of Appeals has exclusive jurisdiction over appeals of forfeiture proceedings under R.C. 4923.99. R.C. 4923.99(C). "When a statute confers a right to appeal, the appeal can be perfected only in the mode the statute prescribes." *Pryor v. Dir., Dept. of Job & Family Servs.*, 148 Ohio St.3d 1, 2016-Ohio-2907, 68 N.E.3d 729, ¶ 12; *accord Zier v. Bur. of Unemp. Comp.*, 151 Ohio St. 123, 84 N.E.2d 746 (1949), paragraph one of the syllabus. We have "been unwilling to find or enforce jurisdictional barriers not clearly statutorily or constitutionally mandated, which tend to deprive a supplicant of a fair review of his complaint on the merits." *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980).

{¶ 36} The requirements for an appeal of an R.C. 4923.99 forfeiture order are contained in two sentences:

> Any person to whom any such order is issued who wishes to contest a compliance order, the fact of the violation, or the amount of the forfeiture shall file a notice of appeal, setting forth the order appealed from and the errors complained of, within sixty days after the entry of the order upon the journal of the commission. The notice of appeal shall be served, unless waived, upon the chairperson of the commission or, in the event of the chairperson's absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus.

R.C. 4923.99(D).

{¶ 37} Here, there is no dispute that LMD timely filed a notice of appeal and served the notice on the commission. The statute required no more to invoke the court of appeals' jurisdiction.

O'CONNOR, C.J., and DEGENARO, J., concur in the foregoing opinion.

_____

**KENNEDY, J., dissenting.**

{¶ 38} This case presents the question whether an administrative appeal under R.C. 4923.99 from the imposition of a civil forfeiture for a violation of the motor-carrier regulations must be filed with the Public Utilities Commission of Ohio—the practice for administrative appeals from other types of orders of the commission—or whether an R.C. 4923.99 appeal may be perfected by filing the notice of appeal with the Tenth District Court of Appeals. Because no statute, court rule, or regulation promulgated by the commission supports the conclusion that an R.C. 4923.99 appeal must be perfected by filing the notice of appeal with the court of appeals, I dissent.

{¶ 39} To answer the question presented, we begin in a familiar place: statutory construction. Our duty in construing a statute is to determine and give effect to the intent of the General Assembly as expressed in the language it enacted. *Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196, ¶ 18; *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 20. R.C. 1.42 guides our analysis, providing that "[w]ords and phrases shall be read in context and construed according to the rules of grammar and common usage." Further, as we explained in *Symmes Twp. Bd. of Trustees v. Smyth*, "[w]hen the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for this court to apply the rules of statutory interpretation." 87 Ohio St.3d 549, 553, 721 N.E.2d 1057 (2000). Rather, "[a]n

unambiguous statute is to be applied, not interpreted." *Sears v. Weimer*, 143 Ohio St. 312, 55 N.E.2d 413 (1944), paragraph five of the syllabus.

**{¶ 40}** R.C. 4923.99(A)(1) directs the commission to issue orders that assess a civil forfeiture for violations of the motor-carrier regulations. R.C. 4923.99(C) and (D) permit appeals from these orders:

(C) The proceedings of the commission specified in division (A) of this section are *subject to and governed by Chapter 4903. of the Revised Code, except as otherwise specifically provided in this section.* The court of appeals of Franklin county has exclusive, original jurisdiction to review, modify, or vacate an order of the commission issued to secure compliance with any provision of Chapter 4921. or 4923. of the Revised Code. The court of appeals shall hear and determine those appeals in the same manner, and under the same standards, as the supreme court hears and determines appeals under Chapter 4903. of the Revised Code. The judgment of the court of appeals is final and conclusive unless reversed, vacated, or modified on appeal. Such appeals may be taken either by the commission or the person to whom the compliance order or forfeiture assessment was issued and shall proceed as in the case of appeals in civil actions as provided in the rules of appellate procedure and Chapter 2505. of the Revised Code.

(D) Section 4903.11 of the Revised Code does not apply to an appeal of an order issued to secure compliance with Chapter 4921. or 4923. of the Revised Code or an order issued under division (A)(1) of this section assessing a forfeiture. Any person to whom any such order is issued who wishes to contest a compliance order, the fact of the violation, or the amount of the forfeiture shall file a

notice of appeal, setting forth the order appealed from and the errors complained of, within sixty days after the entry of the order upon the journal of the commission.  The notice of appeal shall be served, unless waived, upon the chairperson of the commission or, in the event of the chairperson's absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus.   An order issued by the commission to secure compliance with Chapter 4921. or 4923. of the Revised Code or an order issued under division (A)(1) of this section assessing a forfeiture shall be reversed, vacated, or modified on appeal if, upon consideration of the record, the court is of the opinion that the order was unlawful or unreasonable.

(Emphasis added.)

{¶ 41} The lead opinion recognizes that R.C. 4923.99 "does not specify *where* the notice of appeal is to be *filed*" to perfect an appeal from the commission's assessment of a forfeiture.  (Emphasis sic.)  Lead opinion at ¶ 16.  It reasons that because the statute does not specifically say that the notice of appeal *must* be filed with the commission, it *must* be filed with the Tenth District Court of Appeals.  But that conclusion does not necessarily follow from its premise.  In fact, the same logic equally supports the commission's contention that because the statute does not expressly say that the notice of appeal *must* be filed with the Tenth District Court of Appeals, it *must* be filed with the commission.  Rather than looking to the statute to determine the General Assembly's intent, the lead opinion arbitrarily chooses that the notice of appeal "should" be filed with the Tenth District Court of Appeals, *id.* at ¶ 32.

{¶ 42} Contrary to the conclusion of the lead opinion, by incorporating other provisions of the Revised Code governing appeals from the commission, R.C.

4923.99(C) requires an appellant to file the notice of appeal with the commission in order to perfect an appeal to the Tenth District Court of Appeals.

**{¶ 43}** R.C. 4923.99(C) states that "[t]he proceedings of the commission specified in division (A) of this section are subject to and governed by Chapter 4903. of the Revised Code, except as otherwise specifically provided in this section." R.C. Chapter 4903, in turn, addresses the practice and procedure before the commission and includes R.C. 4903.13, which provides the manner for appealing the commission's orders to this court. R.C. 4903.13 states:

> A final order made by the public utilities commission shall be reversed, vacated, or modified by the supreme court on appeal, if, upon consideration of the record, such court is of the opinion that such order was unlawful or unreasonable.
>
> The proceeding to obtain such reversal, vacation, or modification *shall be by notice of appeal, filed with the public utilities commission* by any party to the proceeding before it, against the commission, setting forth the order appealed from and the errors complained of. The notice of appeal shall be served, unless waived, upon the chairman of the commission, or, in the event of his absence, upon any public utilities commissioner, or by leaving a copy at the office of the commission at Columbus.

(Emphasis added.)

**{¶ 44}** R.C. 4923.99(C) incorporates R.C. 4903.13 "except as otherwise specifically provided in this section," and I agree that R.C. 4923.99 does not specify where the notice of appeal is to be filed. Because R.C. 4923.99 does not "specifically provide[ ]" where a notice of appeal must be filed, R.C. 4903.13 fills the gap to require filing with the commission. R.C. 4923.99(C) cements this

14

conclusion by providing that "[t]he court of appeals shall hear and determine those appeals in the same manner, and under the same standards, as the supreme court hears and determines appeals under Chapter 4903. of the Revised Code." The manner specified for perfecting the appeal is by a notice of appeal filed with the commission.

{¶ 45} Our rules of statutory construction require that statutes be read in context and understood as an interrelated body of law. *Riffle v. Physicians & Surgeons Ambulance Serv., Inc.*, 135 Ohio St.3d 357, 2013-Ohio-989, 986 N.E.2d 983, ¶ 21. Importantly, appeals from other types of orders of the Public Utilities Commission are filed with the commission; R.C. 4903.13 states that an appeal to this court from a commission order "shall be by notice of appeal, filed with the public utilities commission." Similarly, the practice applicable to administrative appeals in general is that "[a]n appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04. The fact that the General Assembly has provided for so many appeals to be filed directly with administrative bodies undermines the lead opinion's claim that "[s]uch a procedure would * * * never alert the hearing tribunal of the appeal, and hence the appellate tribunal would never be aware of the commission's filing and theoretically never docket or schedule the case for hearing, thereby defying practical workability," lead opinion at ¶ 24. The practice has long been working.

{¶ 46} And when it has intended for administrative appeals to be filed with a court of appeals, the General Assembly has expressly enacted that requirement. For example, R.C. 5717.04 requires that "appeals [from the Board of Tax Appeals] shall be taken * * * by the filing by appellant of a notice of appeal with the court to which the appeal is taken and the board." For appeals from adjudications of state agencies, R.C. 119.12(D) provides that "[a]ny party desiring to appeal shall file a

notice of appeal with the agency * * *. The notice of appeal shall also be filed by the appellant with the court [of common pleas]." Still other statutes require the appellant to file a notice of appeal with the agency and file a copy with the court. *E.g.*, R.C. 1509.37 (appeals from orders of the Oil and Gas Commission); R.C. 3745.06 (appeals from orders of the Environmental Review Appeals Commission). Although the General Assembly has required various methods of perfecting different types of administrative appeals, it has chosen each method expressly.

{¶ 47} No statute, court rule, or administrative regulation provides for the commencement of an administrative appeal from a civil forfeiture imposed for violating motor-carrier regulations by filing a notice of appeal with the Tenth District Court of Appeals. A thorough review of the statutes providing the procedure for perfecting administrative appeals reveals that the General Assembly does not enact filing rules by silence, but rather, it specifically states where the notice of appeal is to be filed. It did so here by incorporating other provisions of the Revised Code governing appeals from the commission.

{¶ 48} I am sympathetic to the lead opinion's concern that filing rules should not " ' "deprive a supplicant of a fair review of his complaint on the merits," ' " lead opinion at ¶ 17, quoting *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, 998 N.E.2d 1132, ¶ 14, quoting *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980). But that concern, however valid, does not justify making arbitrary determinations or disregarding the statutory language that the legislature enacted.

{¶ 49} Our role is to apply statutes as written, and when the General Assembly in one statute directs us to another statutory provision, we are obliged to read them both in context and as an interrelated body of law. Accordingly, I would reverse the judgment of the court of appeals and remand the matter to that court to dismiss the appeal for lack of jurisdiction.

_____

Michael DeWine, Attorney General, William L. Wright and John H. Jones, Assistant Attorneys General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, and Hannah C. Wilson, Deputy Solicitor, for appellant.

AldenLaw, John L. Alden, and Daniel J. Bennett, for appellee.

_____